HUESTON HENNIGAN LLP
Marshall A. Camp (SBN 231389)
*mcamp@hueston.com*
Allison Libeu (SBN 244487)
*alibeu@hueston.com*
Justin Greer (SBN 318086)
*jgreer@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for J. Michael Issa,
the Post-Effective Date Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Adversary Case No.: 2:21-ap-01034-BB |
| KFIR GAVRIELI, | Chapter 11 Case |
| Debtor. | **DECLARATION OF JUSTIN M. GREER IN SUPPORT OF REQUEST FOR SANCTIONS** |
| DIKLA GAVRIELI a/k/a DIKLA GAVRIELI UNATIN, individually and derivatively on behalf of GAVRIELI BRANDS, LLC, a California limited liability company, | Judge: Hon. Sheri Bluebond |
| Plaintiff, | Hearing Date: May 12, 2026<br>Time:         2:00 P.M.<br>Place:        Courtroom 1539 |
| v. | 255 East Temple Street |
| KFIR GAVRIELI, an individual, | Los Angeles, CA 90012 |
| - and - | Or Remotely Via ZoomGov |
| GAVRIELI BRANDS, LLC, a California limited liability company, | |
| Nominal Defendant. | |

I, Justin M. Greer, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court. I am an attorney at the law firm of Hueston Hennigan LLP, counsel of record for J. Michael Issa, in his capacity as the Post-Effective Date Trustee of the Gavrieli Plan Trust ("Trustee"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I am providing this Declaration pursuant to the Court's Order on Plaintiff Dikla Gavrieli Unatin's Motion for Protective Order re Debtor Kfir Gavrieli's Attendance at Plaintiff's Deposition. *See* Dkt. 356 (the "Order"). The Order granted the Trustee's "request for an award of sanctions" and directed "Mrs. Unatin and Mr. Prince, jointly and severally, to pay the reasonable attorney's fees and costs that the Trustee incurred in opposing the Motion, which may include at the Court's discretion fees related to efforts to disprove that there was any harassment or intimidation by Mr. Gavrieli." *Id.* at 2. The Order further directed the Trustee to "file and serve a declaration setting forth the amount of attorney's fees and costs the Trustee seeks to recover no later than April 21, 2026." *Id.*

3.      The Trustee seeks to recover $34,519.05 in attorney's fees and costs incurred in opposing Plaintiff's Motion for Protective Order re Debtor Kfir Gavrieli's Attendance at Plaintiff's Deposition ("Motion"), which represents less than the total amount incurred by the Trustee to oppose the Motion. As the Court may recall, the Motion (and several other discovery motions filed by the parties at the same time) arose from Mrs. Unatin's and her counsel's improper premature termination of Mrs. Unatin's deposition after only two hours on the record. Following the deposition, Mrs. Unatin and her counsel falsely asserted that Mr. Gavrieli had "harassed" and "intimidated" Mrs. Unatin and her husband during the deposition. *See* Dkt. No. 319 at 153 (Ex. 2). Mrs. Unatin and her counsel also told the Trustee's counsel that Mr. Gavrieli's alleged "harassment" and "intimidation" would be the basis for Mrs. Unatin's Motion. *See id.* The Trustee was thus forced to expend significant effort and expense to gather evidence disproving Mrs. Unatin's and her counsel's false assertions and presenting that evidence to the Court in opposition to the Motion. For this reason, the Court found it was "appropriate" for the Trustee to

Adversary No.: 2:21-ap-01034-BB
DECLARATION OF J. GREER IN SUPPORT OF REQUEST FOR SANCTIONS

7372333

include fees relating to "trying to disprove that [Mr. Gavrieli] was threatening or intimidating" in the Trustee's sanctions request. Ex. A at 70:20–71:1.

4. The bases for the Trustee's requested fees are set forth below and in the exhibits accompanying this Declaration.

**Background of Hueston Hennigan and Relevant Personnel**

5. Hueston Hennigan's offices are in Los Angeles and Newport Beach, California and New York, New York. Hueston Hennigan regularly handles critical, high-stakes litigation.

6. Industry publications, including *Chambers*, *Law360*, and the *National Law Journal*, have recognized Hueston Hennigan as a leading litigation boutique.

7. Hueston Hennigan has also been involved in both this adversary proceeding, Kfir Gavrieli's underlying bankruptcy proceeding, and other related proceedings for many years. Indeed, the Court has also previously approved Hueston Hennigan's rates in connection with fee applications and similar filings in Mr. Gavrieli's underlying bankruptcy case, implicitly finding those rates to be reasonable and consistent with market rates. *See, e.g.*, *In re Kfir Gavrieli*, No. 2:21-bk-10826-BB (Bankr. C.D. Cal.), Dkt. Nos. 101, 537, 892.

8. Between January and March 2026, the Hueston Hennigan team that worked on the Trustee's opposition to the Motion includes two attorneys and one paralegal. The table below details the attorneys and paralegal, including their billing rate applicable to this matter:

| Name | Title | Legal Experience | Billing Rate | Legal Education | Profile Page |
|------|-------|------------------|--------------|-----------------|--------------|
| Allison L. Libeu | Partner | 19 years | ▰ | UCLA Law | Ex. B |
| Justin M. Greer | Of Counsel | 8 years | ▰ | Georgetown Law | Ex. C |
| Ian McPherson | Paralegal | N/A | ▰ | N/A | N/A |

9. Ms. Libeu has represented numerous clients involved in high-stakes business disputes across a variety of areas in both trial and appellate courts. She has also been recognized for her professional achievements by various publications, including the *Daily Journal*, *Benchmark Litigation*, *Legal 500*, and *Los Angeles Business Journal*.

10.   After graduating from Georgetown University Law Center, I worked as an associate at Irell & Manella LLP and clerked for one year on the United States Court of Appeals for the Ninth Circuit. I joined Hueston Hennigan after my clerkship in 2020. During my career, I have represented numerous clients involved in high-stakes business disputes in both trial and appellate courts.

11.   Hueston Hennigan's fee arrangement includes a significant discount of ▮▮ off Hueston Hennigan's standard billing rates. The billing rates set forth above and that underlie the Trustee's requested fees are the discounted rates applicable to this matter.

12.   I am generally familiar with the market for legal services in Southern California through my work at Hueston Hennigan and my experience in the legal industry. I am informed and believe that the standard hourly rates charged by Hueston Hennigan are comparable to the prevailing market rates charged by similar leading firms and are in conformance with the rate determinations in other cases in California. Indeed, this Court has previously approved Hueston Hennigan's billing rates in Mr. Gavrieli's underlying bankruptcy case on multiple occasions. *See, e.g., In re Kfir Gavrieli*, Dkt. Nos. 101, 537, 892. The discounted rates billed to the Trustee are especially reasonable when considering the complexity of this matter and the necessity of coordination across multiple active cases in multiple jurisdictions.

**Fees and Costs Incurred Relating to the Motion**

13.   The Trustee requests recovery of $34,519.05 in fees for work performed by counsel and professional staff relating to the Motion. The table below outlines the total hours expended for work relating to the Motion for each biller and each biller's discounted rate applicable to this matter during the relevant period:

| Name | Title | Billing Rate | Total Hours | Fees |
|---|---|---|---|---|
| Allison L. Libeu | Partner | ▮▮ | ▮▮ | $16,629.00 |
| Justin M. Greer | Of Counsel | ▮▮ | ▮▮ | $16,544.55 |
| Ian McPherson | Paralegal | ▮▮ | ▮▮ | $1,345.50 |

- 4 -

14. Hueston Hennigan billed the Trustee for work relating to the Motion between January and March 2026. Hueston Hennigan's invoices are attached as Exhibits D–F.

15. The amount requested by the Trustee is less than the total amount of fees and costs the Trustee incurred relating to the Motion and this case more broadly. For instance, the Trustee has excluded from the amount he seeks to recover (i) any billing entries that pertain solely to work unrelated to the Motion; (ii) work performed by two other Hueston Hennigan attorneys that billed time relating to the Motion; (iii) work performed by Hogan Lovells LLP and by the Trustee himself relating to the Motion; (iv) significant additional time spent addressing Mrs. Unatin's and her counsel's false allegations of intimidation and harassment in connection with the parties' other discovery motions; (v) costs relating to the Motion, including filing fees, printing costs, vendor fees, and similar expenses; and (vi) fees relating to the preparation of this Declaration and the sanctions hearing scheduled by the Court.

16. Some of the billing entries that support the Trustee's request reflect work relating to both the Motion and the parties' other discovery motions that were filed at or around the same time as the Motion. The Trustee has handled those billing entries in one of two ways.

17. *First*, if the billing entry allocates a specific amount of time to the Motion, the Trustee has limited his request to that allocated amount of time. An example of this type of billing entry is the entry for Ms. Libeu's time on February 19, 2026. *See* Ex. E at 7. That entry states, in relevant part: "Revise opposition to Dikla's motion re: excluding Kfir from deposition (2.6)." *Id.* (capitalization normalized). The remainder of the entry pertains to work unrelated to the Motion. As a result, for this entry, the Trustee has limited his request to 2.6 hours. The Trustee has done the same with all other billing entries of this type.

18. *Second*, if the billing entry does not allocate a specific amount of time to the Motion, the Trustee has divided the fees sought for that entry by the number of motions to which the entry relates. An example of this type of billing entry is the entry for Ms. Libeu's time on February 17, 2026. *See* Ex. E at 7. That entry states: "Analyze arguments for opposition to Dikla's motions to exclude Kfir from deposition and for protective order." *Id.* (capitalization normalized). The amount of billed time associated with that entry is 0.4 hours. *See id.* Because this entry related

- 5 -

to two motions (i.e., the Motion and Mrs. Unatin's motion for a protective order regarding deposition questioning), the Trustee divided the time associated with this entry in half and is requesting recovery for only 0.2 hours. The table below reflects the billing entries that fall within this category, the number of motions to which each entry relates, and the number of hours associated with each entry for which the Trustee seeks recovery.

| Date | Billing Entry Text | Hours Billed | Number of Motions at Issue | Requested Hours |
|---|---|---|---|---|
| Allison Libeu | | | | |
| 1/27/2026 | ANALYSIS RE: THREATENED PROTECTIVE ORDER MOTION AND RESPONSE | 2.3 | 2 | 1.15 |
| 2/13/2026 | ANALYZE UNATIN MOTIONS RE: DEPOSITION (.7) | 0.7 | 2 | 0.35 |
| 2/14/2026 | ANALYZE ISSUES FOR RESPONSE TO DIKLA'S DISCOVERY MOTIONS RE DEPOSITIONS (.4) | 0.4 | 2 | 0.2 |
| 2/16/2026 | STRATEGY AND CONFERENCE WITH KFIR RE: RESPONSE TO DIKLA'S MOTIONS ABOUT DEPOSITION | 1.2 | 2 | 0.6 |
| 2/17/2026 | ANALYZE ARGUMENTS FOR OPPOSITION TO DIKLA'S MOTIONS TO EXCLUDE KFIR FROM DEPOSITION AND FOR PROTECTIVE ORDER | 0.4 | 2 | 0.2 |
| 3/11/2026 | PREPARE FOR HEARING ON MOTIONS RE: DIKLA'S DEPPOSITION | 0.5 | 2 | 0.25 |
| Justin Greer | | | | |
| 1/27/2026 | DRAFT RESPONSE TO OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.7 | 3 | 0.23 |
| 1/27/2026 | DISCUSS STRATEGY FOR RESPONSE TO OPPOSING | 0.2 | 3 | 0.066 |

Adversary No.: 2:21-ap-01034-BB
DECLARATION OF J. GREER IN SUPPORT OF REQUEST FOR SANCTIONS

7372333

| Date | Billing Entry Text | Hours Billed | Number of Motions at Issue | Requested Hours |
|---|---|---|---|---|
| | COUNSEL IN DERIVATIVE ADVERSARY CASE WITH A. LIBEU. | | | |
| 1/28/2026 | CORRESPONDENCE WITH OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.1 | 3 | 0.033 |
| 2/2/2026 | CONFER WITH OPPOSING COUNSEL RE SANCTIONS AND OTHER MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.2 | 5 | 0.04 |
| 2/2/2026 | DISCUSS OUTCOME OF CONFERRAL WITH A. LIBEU. | 0.1 | 5 | 0.02 |
| 2/2/2026 | CONFERENCE WITH CLIENT RE UPCOMING MOTIONS. | 0.4 | 5 | 0.08 |
| 2/13/2026 | ANALYZE JOINT STIPULATIONS PROVIDED BY OPPOSING COUNSEL. | 0.2 | 3 | 0.066 |
| 2/14/2026 | ANALYZE JOINT STIPULATIONS IN SUPPORT OF DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE AND DEVELOP STRATEGY RE SAME. | 0.5 | 3 | 0.166 |
| 2/14/2026 | DISCUSS STRATEGY WITH A. LIBEU RE RESPONSE TO DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.5 | 3 | 0.166 |
| 2/20/2026 | DRAFT AND REVISE DECLARATIONS SUPPORTING JOINT STIPULATIONS REGARDING DIKLA'S DISCOVERY MOTIONS. | 2.5 | 3 | 0.83 |
| 2/20/2026 | REVISE AND FINALIZE TRUSTEE'S PORTIONS OF JOINT STIPULATIONS RELATING TO DIKLA'S DISCOVERY MOTIONS. | 1.6 | 3 | 0.53 |

Adversary No.: 2:21-ap-01034-BB
DECLARATION OF J. GREER IN SUPPORT OF REQUEST FOR SANCTIONS

7372333

| Date | Billing Entry Text | Hours Billed | Number of Motions at Issue | Requested Hours |
|---|---|---|---|---|
| 2/23/2026 | DRAFT AND REVISE DECLARATIONS AND RELATING DOCUMENTS PERTAINING TO DIKLA'S MOTIONS. | 2 | 3 | 0.66 |
| 2/23/2026 | FINALIZE DECLARATIONS RELATING TO DIKLA'S MOTIONS. | 0.4 | 3 | 0.133 |
| 3/11/2026 | DISCUSS STRATEGY RE UPCOMING HEARING WITH A. LIBEU. | 0.3 | 5 | 0.06 |
| 3/16/2026 | ANALYZE TENTATIVE RULINGS ON DISCOVERY MOTIONS AND DEVELOP STRATEGY RE SAME. | 0.4 | 5 | 0.08 |
| 3/16/2026 | DISCUSS COURT'S TENTATIVE RULING WITH A. LIBEU. | 0.1 | 5 | 0.02 |
| Ian McPherson | | | | |
| 2/23/2026 | PREPARE EXHIBITS AND DOCUMENTS FOR FILINGS: NOTICE OF MOTION TO COMPEL CONTINUED DEPOSITION & FOR SANCTIONS; JOINT STIPULATION RE MOTION TO COMPEL; LIBEU DECLARATION; GREER DECLARATION AND ACCOMPANYING EXHIBITS; KFIR GAVRIELI DECLARATION; NOTICE OF LODGING. | 4.5 | 5 | 0.9 |

**The Requested Hourly Rates and Fee Amounts Are Reasonable**

19. "[C]ourts must calculate awards for attorneys' fees using the lodestar method[.]" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (cleaned up). The lodestar is entitled to a "strong presumption" of reasonableness. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). The party opposing fees "bears the burden of providing

specific evidence to challenge" the request. *McGrath v. County of Nevada*, 67 F.3d 248, 252, 255 (9th Cir. 1995). "The lodestar [is calculated] by multiplying the number of hours" that were "reasonabl[y] expended . . . by a reasonable hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

20.     The requested number of hours is reasonable. A "reasonable" number of hours is the time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Only those hours which the Court finds "excessive, redundant, or otherwise unnecessary" should be excluded. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). In complex litigation like this case, the Ninth Circuit recognizes that some duplicative work is "inherent in the process of litigating over time." *Moreno*, 534 F.3d at 1112.

21.     The Trustee seeks recovery for ▆▆▆ hours by two attorneys and ▆▆▆ hours by one paralegal for work between January and March 2026. Those hours are detailed in the contemporaneous time records submitted herewith and in the table included above. *See* Exs. D–F; *see also Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 963 (C.D. Cal. 2009) (attorney time statements are "entitled to credence in the absence of a clear indication the records are erroneous" (citation and alteration omitted)). The contemporaneous time records only include hours actually billed by Hueston Hennigan to the Trustee.

22.     The contemporaneous records thus reasonably reflect the hours Hueston Hennigan expended relating to the Motion. *See, e.g., Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."); *Hensley*, 461 U.S. at 437 n.12 (prevailing parties are "not required to record in great detail how each minute of [their] time was expended").

23.     The number of hours expended by Hueston Hennigan relating to the Motion is reasonable. As described earlier, the Trustee has voluntarily excluded time billed by two other Hueston Hennigan attorneys, by Hogan Lovells LLP, and by the Trustee relating to the Motion, limiting the scope of his request to the time billed by the two Hueston Hennigan attorneys and one paralegal primarily responsible for work relating to the Motion. The Trustee is also seeking a

reasonably proportional amount for billing entries that relate to both the Motion and other discovery motions, as set forth above. The total number of hours sought—approximately ███ hours across all timekeepers—is also a reasonable amount of time to spend on a complex discovery motion seeking to prevent the Trustee's designee from attending party depositions. Indeed, opposing the Motion required the Trustee to, among other things, submit two declarations (*see* Dkt. Nos. 318, 319), file or lodge twenty-nine exhibits spanning more than 200 pages (*see* Dkt. No. 319), draft portions of a nineteen-page joint stipulation (*see* Dkt. No. 327), and present argument relating to the Motion at the hearing. The requested fees are also reasonable in that most of the hours spent on the Motion were billed by me, and I bill at a lower hourly rate than Ms. Libeu, which resulted in a lower overall fee.

24.    Courts find it reasonable to expend this amount of time on discovery motions in complex cases like this one. *See, e.g.*, *Manley v. Winsupply Inc.*, 2023 WL 7164564, at *4 (D. Idaho Oct. 30, 2023) (finding "roughly 30 hours drafting the motion to compel" was "reasonable"); *Washington v. Freedom of Expression LLC*, 2022 WL 5024276, at *2 (D. Ariz. Oct. 4, 2022) (awarding sanctions "for 39.4 hours of work"); *Mills v. Steuben Foods, Inc.*, 2023 WL 4781904, at *2 (W.D.N.Y. July 27, 2023) (finding "28.9 hour[s] to have been reasonably required to oppose Plaintiff's motion to compel").

25.    The reasonableness of the Trustee's request is underscored by the context in which the Court awarded monetary sanctions against Mrs. Unatin and her counsel. The Motion and several of the parties' other discovery motions filed at the same time arose from Mrs. Unatin's and her counsel's improper termination of Mrs. Unatin's deposition after only two hours on the record and their subsequent false assertion that Mr. Gavrieli had "intimidated" and "harassed" Mrs. Unatin and her husband at Mrs. Unatin's deposition. *See, e.g.*, Dkt. Nos. 318, 319. Before filing the Motion, Mrs. Unatin and her counsel told the Trustee's counsel that the basis for the Motion—which sought to preclude Mr. Gavrieli from attending future depositions—was Mr. Gavrieli's purported "intimidation" and "harassment," which supposedly included Mr. Gavrieli "physically block[ing]" Mr. Unatin's access to the restroom. *See* Dkt. No. 319 at 153 (Ex. 2). As a result of those allegations, the Trustee was required to (i) gather and review evidence

disproving Mrs. Unatin's and her counsel's assertions, including security video footage from the building where Mrs. Unatin's deposition occurred; (ii) describe this evidence in opposition to the Motion; and (iii) prepare and file detailed fact declarations and related exhibits spanning more than 250 pages supporting the Trustee's opposition. *See, e.g.*, Dkt. Nos. 318, 319, 327. Faced with this evidence, Mrs. Unatin and her counsel abandoned their allegations that Mr. Gavrieli had engaged in "intimidating" and "harassing" conduct (including their allegations about Mr. Gavrieli physically blocking Mr. Unatin) in the Motion. *See* Dkt. No. 327. At the hearing on the Motion, the Court stated that fees incurred by the Trustee "to disprove that [Mr. Gavrieli] was threatening or intimidating" were "appropriate" to include in the Trustee's sanctions request. Ex. A at 70:3–71:1. The fees requested by the Trustee are reasonable in light of Mrs. Unatin's and her counsel's false and subsequently abandoned assertions regarding Mr. Gavrieli's conduct.

26. The requested hourly rates are also reasonable. "In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney[.]" *Nguyen v. Regents of Univ. of Cal.*, 2018 WL 6112616, at *3 (C.D. Cal. May 18, 2018). "Reasonable fees . . . are calculated according to the prevailing market rates" in the Central District of California. *French v. City of Los Angeles*, 2022 WL 2189649, at *18 (C.D. Cal. May 10, 2022).

27. The Trustee seeks to recover fees based on Ms. Libeu's discounted hourly rate of $█████, my discounted hourly rate of $██████, and Mr. McPherson's discounted hourly rate of $████. These hourly rates are reasonable for at least three reasons.

28. *First*, the rates the Trustee seeks are counsel's actual billing rates for this matter (which are discounted from counsel's ordinary billing rates), not mere estimates. *See, e.g.*, *Amphastar Pharms., Inc. v. Aventis Pharma SA*, 2020 WL 8680070, at *27 (C.D. Cal. Nov. 13, 2020) ("Gibson [Dunn]'s hourly rates are reasonable for the additional reason that Defendants actually paid Gibson the rate Gibson seeks here, after [the 16%] discounts were applied."). Courts find actual billing rates to be "the best evidence" of an attorney's reasonable hourly billing rate. *See Elster v. I.A.M. Nat. Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984); *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982) (explaining that a lodestar multiplier should "usually [be] counsel's normal billing rate"). The requested rates "are not pie-in-the-sky numbers

Adversary No.: 2:21-ap-01034-BB
DECLARATION OF J. GREER IN SUPPORT OF REQUEST FOR SANCTIONS

7372333

that one litigant seeks to collect from a stranger but would never dream of paying [themselves]. These are bills that [the Trustee] actually paid." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 773–74 (7th Cir. 2010).

29.     *Second*, the requested rates track the "rate determinations in other cases" in California. *See, e.g.*, *In re Volkswagen "Clean Diesel Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving fees on lodestar using hourly billing rates of up to $1,600); *OpenGov, Inc. v. GTY Tech. Holdings Inc.*, 2019 WL 2010707, at *5–7 (N.D. Cal. May 7, 2019) (approving Keker, Van Nest & Peters rates of up to $1,500 per hour).

30.     Numerous courts have also found Hueston Hennigan's rates to be reasonable when awarding attorney's fees. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 8168854, at *22–23 (C.D. Cal. Oct. 6, 2023) (finding "Hueston Hennigan's hourly rates are reasonable" and "fall within the price ranges for similarly skilled attorneys"); *Vital Pharms., Inc. v. Orange Bang, Inc.*, No. 5:20-cv-1464-DSF-SHK (C.D. Cal. Apr. 6, 2022), Dkt. 75-1 at 169–73 (holding that the "hourly rates, some of which were already discounted to some extent, are reasonable" because Hueston Hennigan's rates were appropriate for "trial attorneys in the top tier of their profession"); *see also* Ex. G (April 8, 2021 minute order from Los Angeles Superior Court in *Singman v. IMDB.com*, No. 20SMCV00748, finding Hueston Hennigan's billing rates to be "reasonable").

31.     Accordingly, the Trustee requests that the Court award $34,519.05. To the extent the Court would like additional information, detail, or explanation, the Trustee and Hueston Hennigan are willing to provide it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of April, 2026, at Newport Beach, California.

_____
Justin M. Greer

- 12 -

# EXHIBIT A

1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

-oOo-

In Re:                              ) Case No. 2:21-Bk-10826-BB
                                    ) Chapter 11
KFIR GAVRIELI                       )
                                    ) Los Angeles, California
                    Debtor.         ) Tuesday, March 17, 2026
_____     ) 2:00 PM

ADV#: 2:21-ap-01034-BB
GAVRIELI, ET AL. v. GAVRIELI,
ET AL.

#203.00 PLAINTIFF DIKLA
GAVRIELI UNATIN'S MOTION FOR
PROTECTIVE ORDER RE: DEBTOR
KFIR GAVRIELI'S ATTENDANCE AT
PLAINTIFF'S DEPOSITION

#204.00 PLAINTIFF DIKLA
GAVRIELI UNATIN'S MOTION FOR
PROTECTIVE ORDER RE DAMAGES
EVALUATIONS AND DISCUSSIONS
WITH EXPERTS

#205.00 MOTION PLAINTIFF
DIKLA GAVRIELI UNATIN'S
MOTION TO COMPEL POST-
EFFECTIVE DATE TRUSTEE'S
AMENDED RESPONSES AND
PRODUCTION OF DOCUMENTS IN
RESPONSE TO SECOND SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS

#206.00 MOTION TO COMPEL
CONTINUED DEPOSITION AND FOR
SANCTIONS FOR MRS. UNATIN'S
UNILATERAL TERMINATION OF HER
DEPOSITION

#207.00 MOTION TO COMPEL
DISCOVERY RESPONSES,
PRIVILEGE LOG, AND DOCUMENT
PRODUCTIONS

2

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For the Debtor:                    JEFFREY M. REISNER, ESQ. (VIA
                                   ZOOM)
                                   Steptoe LLP
                                   633 West Fifth Street
                                   Suite 1900
                                   Los Angeles, CA 90071
                                   (213)439-9400

For Post-Effective Date      RICHARD L. WYNNE, ESQ.
Trustee:                     Hogan Lovells US LLP
                             1999 Avenue of the Stars
                             Suite 1400
                             Los Angeles, CA 90067
                             (310)785-4602

                             JUSTIN GREER, ESQ.
                             ALLISON L. LIBEU, ESQ.
                             Hueston Hennigan LLP
                             523 West 6th Street
                             Suite 400
                             Los Angeles, CA 90014
                             (213)788-454

For Dikla Gavrieli Unatin:  CHRISTOPHER E. PRINCE, ESQ.
                            Lesnick Prince Pappas & Alverson
                            LLP
                            315 West Ninth Street
                            Suite 705
                            Los Angeles, CA 90015
                            (213)291-8984

Also Present:               J. Michael Issa (Via Zoom)

                            Kfir Gavrieli (Via Zoom)

                            Dikla Unatin (Via Zoom)

                            Dean Unatin (Via Zoom)

3

Court Recorder:              DAWNETTE FRANCIS
                             United States Bankruptcy Court
                              Edward R. Roybal Federal Building
                             255 East Temple Street
                              Room 940
                             Los Angeles, CA 90012
                              (855)460-9641


Transcriber:                 RIVER WOLFE
                              eScribers, LLC
                             7227 N. 16th Street
                              Suite #207
                             Phoenix, AZ 85020
                              (800) 257-0885


Proceedings recorded by electronic sound recording; transcript provided by transcription service.

69

MS. LIBEU:  I hear you.

THE COURT:  So I think you break it into pieces, and you say, okay, the response previously said there was no -- okay.  Is it still the case that there is nothing?  Have you done anything since?

MS. LIBEU:  Fair enough.  Fair enough.

THE COURT:  Has there been any further -- yeah.  So --

MS. LIBEU:  Yes.  You're right.

THE COURT:  -- try to reframe it next time.

MS. LIBEU:  Yes.  Yes.

THE COURT:  Okay.  But --

MS. LIBEU:  Regardless of that --

THE COURT:  Yeah.  Yeah.

MS. LIBEU:  -- I think it's completely inappropriate to terminate the deposition and walk out because you think I have not reworded the question properly.

THE COURT:  Yeah.  Okay.  But it was getting frustrating because you were coming back at the same thing over.  I don't think you were rewording it.  I think you were just repeating it.  But yeah, they shouldn't have terminated it, and you should have reworded the question.  So I was equally irritated at both of you.  So my tentative is make them come back, and no sanctions on this one.  So and this one, I don't think you spent a huge amount of money on this particular one.  So -- you disagree?  Yeah.  Okay.

70

MS. LIBEU:  I mean, I --

THE COURT:  Maybe.  Yeah.

MS. LIBEU:  I mean, this is the one when, in actuality, all of the issues about the fabrication of the post-deposition in stuff happened.  Because they didn't raise it in the other motion, this is the one where, actually, we said sanctions are appropriate, not just because they left the deposition but because afterward they said Mr. Gavrieli was harassing Mr. and Mrs. Unatin.

THE COURT:  Yeah, but I'm going to put -- I'm going to give you that for the other one.  I mean, if you're -- if you want --

MS. LIBEU:  I think there may be some overlap between the two --

THE COURT:  Yeah.

MS. LIBEU:  -- like pulling the videos and things like that.  So we may have to --

THE COURT:  All right.

MS. LIBEU:  -- do a little bit of that.

THE COURT:  That's because 203, the first one where they said he -- the motion says he was intimidating and threatening.  And even if you ended up putting the response in in response to 206, the papers were talking -- but it was all about trying to disprove that he was threatening or intimidating, then I think that's appropriate for what you're

82

C E R T I F I C A T I O N

I, River Wolfe, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

/s/ RIVER WOLFE, CDLT-265

eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020

Date:   March 25, 2026

# EXHIBIT B

# HUESTON HENNIGAN



## Allison Libeu
Partner

LA: 949.273.4153

alibeu@hueston.com

---

Education

- UCLA School of Law (J.D., 2006) Order of the Coif

- Chapman University (B.A., 2003, Political Science) summa cum laude

Admissions

- California

---

Described by clients to Chambers as "fantastic" and "a powerful oral arguer," Allison Libeu provides creative, practical, and strategic counsel to help her clients resolve complex commercial disputes and protect their business interests.

Ms. Libeu litigates high-stakes business disputes across a variety of areas, including business torts, contracts, class actions, securities fraud, and trade secrets. Ms. Libeu has successfully prosecuted and defended disputes involving company founders; the termination of C-suite executives; and claims that frequently arise in such cases, including claims related to breach of fiduciary duty and unfair competition as well as violation of nondisclosure, noncompete, and nonsolicitation agreements. Her national practice includes litigation at the trial and appellate levels in both federal and state courts, in addition to U.S.-based and international arbitration.

Ms. Libeu consistently achieves successful outcomes for her clients both before and at trial and has extensive experience in all stages of litigation—up to and including settlement negotiations and trial. She also regularly represents clients in appellate matters and arbitrations as well as in administrative and regulatory proceedings.

In addition to her practice, Ms. Libeu serves on the board of the Orange County chapter of the Association of Business Trial Lawyers, which promotes a dialogue between members of the Orange County bar and the county's federal and state judges on matters affecting business litigation and the civil justice system. Ms. Libeu also sits on the board of the Constitutional Rights Foundation, an education organization dedicated to empowering Orange County youth to be active, responsible citizens.

---

## Testimonials

One of the "brightest litigators across the US." *—Benchmark Litigation, 40 & Under Hot List*

"She is a powerful oral arguer…she crushed her part of the trial." *—Chambers*

"Allison Libeu has real expertise" and "is fantastic in helping us sort through global issues." *—Chambers*

"Positioned herself as key counsel on a number of issues." *—Benchmark Litigation*

---

## Experience

Won a "record-setting" $293 million verdict for **Monster Energy Company** against rival beverage company Vital Pharmaceuticals, Inc. in a false advertising, tortious interference, and trade secret case after a monthlong trial. The jury found Vital Pharmaceuticals Inc. and its CEO falsely advertised the "super creatine" ingredient of its billion-dollar Bang energy drink. The verdict is believed to be one of the largest, if not the largest, Lanham Act awards ever. Also prevailed on appeal when the Ninth Circuit affirmed the judgment. (See "Monster Energy wins $293 mln false-advertising verdict against rival Bang," ***Reuters***; "Monster Wins $293M Verdict Against VPX In False Ad Trial," ***Law360***; "Monster Energy Wins $293 Million False Ad Award Over Bang," ***Bloomberg Law***).

Won "the largest-ever U.S. trademark awards" (***Reuters***) for **Monster Energy Company** against rival beverage company Vital Pharmaceuticals, Inc. Following a two-week trial, the arbitrator held that VPX's Bang Energy does not contain advertised muscle-building creatine and infringed on "Bang" trademark. In the significant ruling, the arbitrator awarded Monster and Orange Bang $175 million in damages, nearly $10 million in attorney's fees and costs, and a 5% royalty on all future sales of Bang Energy (with over $1.5 billion in annual sales). The award came after Ms. Libeu cross-examined Vital Pharmaceutical's damages expert and obtained critical admissions about his methodology that undercut his opinions, which resulted in the arbitrator rejecting his disgorgement and royalty theories as a "post-litigation contrivance." (See "Monster asks court to enforce $175 mln award against Bang Energy maker," ***Reuters***; "Monster, Orange Bang Win $175M Against Rival In Arbitration," ***Law360***).

On behalf of **Amazon** and **Twitch**, secured a first-of-its-kind decision in New York state, with the New York appellate court dismissing lawsuits alleging our clients and other social media companies were liable for the fatal mass shooting in Buffalo, New York. The plaintiffs—victims of the shooting and their family members—contend the shooter was radicalized by extremist and racist content on social media and that his ability to livestream on Twitch motivated him to commit the crimes. The claims included wrongful death, product liability, negligence, and infliction of emotional distress. (See "Social media companies not liable for 2022 Buffalo mass shooting, New York court rules," ***Reuters***; "Social Media Cos. Score Toss Of 2022 Mass Shooting Suit," ***Law360***; "In Buffalo Shooting Massacre, Appellate Judges Dismiss Claims Against Social Media Companies," ***Law.com***).

Secured a complete defense victory for **Amazon.com** after a two-week arbitration trial of a lawsuit that eBay publicly promoted as an international racketeering and fraud conspiracy to unlawfully recruit eBay sellers to Amazon.com. (See "Amazon wins legal fight against eBay over alleged seller poaching," ***CNN***; "EBay Accuses Amazon Managers of Conspiring to Poach Its Sellers," ***The New York Times***; "EBay Accuses Amazon of Illegally Poaching Sellers," ***The Wall Street Journal***).

Successfully represented **Hello Bello,** widely recognized and beloved baby and family product company founded by Kristin Bell and Dax Shepard, in a trademark dispute with Hello Products. This dispute includes defending Hello Bello against claims of trademark infringement. After bringing counterclaims for cancellation of Hello Products' purported trademarks on the basis that Hello Products does not have the exclusive right to use the word "hello" in advertising, Ms. Libeu obtained a favorable settlement allowing Hello Bello to continue making and selling its products.

Representing **Epic Games** in cases across multiple jurisdictions claiming that the company intentionally designed its games to addict players. (See "Activision, Epic, Video Game Developers Face Addiction Suit," ***Bloomberg Law***).

Represented the **CEO and co-founder of Gavrieli Brands**, a women's shoe company that manufactures the successful line of designer shoes called Tieks, in litigation regarding ownership and control of the business.

Represented **Western Digital** and its **SanDisk** subsidiaries in high-profile dispute with Toshiba over anti-transfer provisions in joint venture agreements governing the manufacture and development of NAND flash memory. The dispute included multiple arbitrations before the ICC International Court of Arbitration and Litigation in California trial and appellate courts, where SanDisk secured injunctive relief to aid the arbitrations. As one market analyst commented: "SanDisk/Western Digital has ultimately won the courtroom battle not

once, not twice, but on every occasion both parties have had a legal dispute." (See "The Toshiba Memory Sale Is Dead–Western Digital Will Benefit," ***Seeking Alpha***).

On the eve of an international arbitration hearing, obtained a nine-figure settlement on behalf of the **CEO and founder of a major social networking app** after the majority owner of the company attempted to terminate his employment. Obtained a preliminary injunction at the outset of the action preventing the CEO from being terminated pending the outcome of the arbitration.

Successfully represented **one of the nation's largest specialty staffing companies** against the former CEO's claims for wrongful termination and to invalidate his noncompete and non-solicit obligations. Member of the team that obtained a favorable settlement on the eve of trial, which kept intact the former CEO's "for cause" termination and reaffirmed his non-compete and non-solicit obligations.

Obtained dismissal at the pleading stage of a lawsuit accusing the online dating app **Grindr** of failing to employ safety features that would have prevented a malicious impersonation scheme by the plaintiff's ex-boyfriend. (See "Grindr Not Responsible for Offensive Profiles, Court Says," ***Law360***).

Served as co-trial counsel in a federal jury trial involving an **insurance company's breach of contract**. The team secured a verdict for $6 million—six times the policy limits—when the jury found that the insurance company's refusal to cover claims relating to the construction of a multimillion-dollar ocean view home was bad faith.

Won a series of motions to dismiss securities fraud cases for the **CEO of a mortgage lender** against plaintiffs who alleged fraud in connection with their purchase of mortgage-backed securities.

Represented a **real estate services company** in a nationwide class action with alleged damages exceeding $150 million. Shortly after the securing of bifurcation of damages and class membership from liability issues, the case settled for less than $10 million, including less than 20 percent of plaintiffs' actual attorneys' fees.

Defended a **real estate services company** in a complex breach of contract suit brought by the FDIC in its capacity as receiver for a failed financial institution. The FDIC alleged damages exceeding $100 million. After the defendant in a related case settled with the FDIC for $30 million, a favorable $12 million settlement was reached.

Won summary judgment for a **leading international law firm**, defeating a $20 million professional negligence claim. The court of appeal affirmed the decision.

Representing a **global technology company** against a disgruntled ex-employee accused of leaking trade secrets to the media.

Representing a **global quick-service restaurant corporation** against a former executive accused of trade secrets misappropriation.

---

## Recognitions

- Top Women Lawyers in California, Daily Journal (2020-2025)
- Women of Influence: Attorneys, Los Angeles Business Journal (2025)
- Top 40 Under 40, Daily Journal (2019)
- Top 250 Women in Litigation, Benchmark Litigation (2023-2025)
- 40 & Under Hot List, Benchmark Litigation (2020-2022)
- Super Lawyers (2017-present)
- Key Lawyer for General Commercial Disputes, Legal 500
- Litigation Star, Benchmark Litigation (2024-2026)
- Future Star, Benchmark Litigation (2022, 2023)
- The Best Lawyers in America (2023-2026)
- Leaders of Influence: Thriving in Their 40s, Los Angeles Business Journal (2022)
- Leaders of Influence: Litigators & Trial Attorneys, Los Angeles Business Journal (2023)

---

## Activities

- Board, Constitutional Rights Foundation
- Former Board of Governors, Association of Business Trial Lawyers, Orange County Chapter

# EXHIBIT C

# HUESTON HENNIGAN



## Justin Greer
Of Counsel

949.393.4756

jgreer@hueston.com

### Education

- Georgetown University Law Center (J.D., 2017) Order of the Coif
- Biola University (B.A., 2014, Political Science) summa cum laude

### Clerkships

- Hon. Jay S. Bybee, U.S. Court of Appeals for the Ninth Circuit

### Admissions

- California

Justin Greer is a litigator whose practice focuses on high-stakes business disputes and complex commercial litigation. Mr. Greer manages all stages of litigation, from pretrial through appeal, for a wide variety of clients.

Before joining Hueston Hennigan, Mr. Greer was an associate at Irell & Manella LLP, where he represented individuals and companies in complex commercial, intellectual property, and appellate litigation matters.

During law school, Mr. Greer served as a student attorney in Georgetown's Appellate Litigation Clinic, where he drafted merits briefing and presented oral argument before the U.S. Court of Appeals for the Eleventh Circuit. He also interned for the Hon. Eric G. Bruggink on the U.S. Court of Federal Claims, and he served as the executive projects editor of the *Georgetown Law Journal's Annual Review of Criminal Procedure*.

## Experience

Won a record $293 million verdict for **Monster Energy** after four-week federal jury trial involving claims of false advertising, tortious interference, and theft of trade secrets. The verdict — believed to be the largest Lanham Act award ever — reflected a complete victory for Monster Energy over rival VPX, Inc., with findings in Monster's favor on every claim asserted. Also prevailed on appeal when the

Ninth Circuit affirmed the judgment. (See "How Hueston Hennigan Won Monster $336M False Ad Suit," **_Law360_**; "Monster Wins $293M Verdict Against VPX In False Ad Trial," **_Law360_**; "Monster Energy Wins $293 Million False Ad Award Over Bang," **_Bloomberg Law_**; "US court affirms Monster Energy's $311 mln court win against former rival Bang," **_Reuters_**).

Prevailed at the California Court of Appeal for **McDonald's USA**, convincing the court to unanimously affirm the dismissal of a $100 million fraud suit brought by Byron Allen over ad spend on black-owned media through a motion under California's "anti-SLAPP" statute. (See "Byron Allen Can't Revive $100M McDonald's Fraud Suit," **_Law360_**; "McDonald's Secures Dismissal of $100M Fraud Suit Over Ad Spend on Black-Owned Media," **_The Recorder_**; "Appeals court tosses Byron Allen ad suit against McDonald's," **_Daily Journal_**; "McDonald's Fends Off $100 Million Byron Allen Suit Over Ads," **_Bloomberg Law_**).

Won one of "the largest-ever U.S. trademark awards" (**_Reuters_**) for **Monster Energy Company** against rival beverage company Vital Pharmaceuticals, Inc. Following a two-week trial, the arbitrator held that VPX's Bang Energy does not contain advertised muscle-building creatine and infringed on "Bang" trademark. In the significant ruling, the arbitrator awarded Monster and Orange Bang $175 million in damages, nearly $10 million in attorney's fees and costs, and a 5% royalty on all future sales of Bang Energy (with over $1.5 billion in annual sales). (See "Monster asks court to enforce $175 mln award against Bang Energy maker," **_Reuters_**; "Monster, Orange Bang Win $175M Against Rival In Arbitration," **_Law360_**).

Represented **GoDaddy.com** in an antitrust lawsuit filed by Entri, a tech company that developed a product called Entri Connect, which Entri claims can automate the process of configuring a website's DNS settings to connect with various third-party applications, such as Mailchimp or Square. Entri alleged that, starting in 2023, GoDaddy forbade and technically disabled use of Entri Connect (and similar products) in connection with domain names registered by GoDaddy in violation of the antitrust laws, and it also asserted that GoDaddy tortiously interfered with Entri's existing and prospective business relationships by prohibiting use of Entri Connect. GoDaddy disputed Entri's allegations and filed counterclaims. The parties settled with neither party paying any money. (See "GoDaddy Escapes Antitrust Litigation After Competitor Drops Case," **_Bloomberg_**).

Successfully settled a breach of contract and fraud case with claimed damages in excess of $75 million on behalf of a **private equity fund**.

Representing **PubMatic, Inc.** in a landmark antitrust lawsuit against Google over abuses of monopoly power in the digital advertising industry. (See "Google Sued by Advertising Exchange Over Monopoly Violations," **_Bloomberg_**).

Represented a **leading American media and entertainment company** in a matter involving copyright ownership of remastered sound recordings.

Successfully settled an employment dispute for a **large biotechnology company** relating to executive compensation worth millions of dollars.

Represented a **leading fitness technology company** in matters involving patent infringement, trademark and trade dress infringement, and false advertising claims against competitors Echelon Fitness Multimedia, LLC and ICON Health & Fitness Inc.

Defended a **global footwear retailer** against allegations that its product designs infringed several competitors' trademarks and design patents.

Represented **former board members and CEO of an investment holding company** in a matter involving breach-of-fiduciary-duty claims.

Represented a **pro bono client** in a breach-of-contract matter in California state court. After completion of summary-judgment briefing, negotiated and obtained a favorable settlement for the client.

# EXHIBIT D

**TAXPAYER ID** ███████

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

February 25, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20230

## Invoice Summary
Through January 31, 2026

| | | |
|---|---|---|
| Current Fees: | $ | ████ |
| Less ██ Discount | | ████ |
| Current Costs: | | ███ |
| **Total Current Amount Due:** | $ | ████ |

**If paid within 14 days of receipt, an additional ██ Prompt Pay Discount Applies:**

| | | |
|---|---|---|
| Current Fees: | $ | ████ |
| Less ██ Discount | | ████ |
| Less Prompt Pay Discount: | | ████ |
| Current Costs: | | ███ |
| **Total Current Amount Due:** | $ | ████ |

*This invoice has been reviewed and is being submitted for payment.*

J. Michael Issa, Chapter 11
February 25, 2026
Page 2

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|



**Greer, Justin**

J. Michael Issa, Chapter 11
February 25, 2026
Page 3

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**

| **Date** | **Activity** | **Hours** |
|---|---|---|
| ▉▉▉ | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | ▉▉ |



J. Michael Issa, Chapter 11
February 25, 2026
Page 4

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|



| Date | Activity | Hours |
|------|----------|-------|
| 01/27/2026 | DRAFT RESPONSE TO OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.70 |
| 01/27/2026 | DISCUSS STRATEGY FOR RESPONSE TO OPPOSING COUNSEL IN DERIVATIVE ADVERSARY CASE WITH A. LIBEU. | 0.20 |

J. Michael Issa, Chapter 11
February 25, 2026
Page 5

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 01/28/2026 | CORRESPONDENCE RE SECURITY FOOTAGE IN LOS ANGELES OFFICE. | 0.10 |
| 01/28/2026 | CORRESPONDENCE WITH OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.10 |
| 01/29/2026 | CORRESPONDENCE WITH CLIENT RE SURVEILLANCE FOOTAGE. | 0.20 |
| 01/30/2026 | CORRESPONDENCE RE VIDEO FOOTAGE IN DTLA BUILDING. | 0.10 |

**Total Hours Worked by Greer, Justin:**

**Libeu, Allison**

J. Michael Issa, Chapter 11
February 25, 2026
Page 6

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 01/27/2026 | ANALYSIS RE: THREATENED PROTECTIVE ORDER MOTION AND RESPONSE | 2.30 |

**Total Hours Worked by Libeu, Allison:**

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

### Professional Services



| Date | Activity | Hours |
|------|----------|-------|

|  | Total Hours: | |
|  | Total Fees: | |

### Timekeeper Summary

| Name | Billing Rate | Hours | Fee Amount |
|------|--------------|-------|------------|
| | | | |
| Greer, Justin | | | |
| Libeu, Allison | | | |
| | | | |
| **Total Billed:** | | | |



### Cost Summary



| Description | | Amount |
|-------------|--|--------|

**TAXPAYER ID**

███████

523 West 6th Street
Suite 400
Los Angeles, CA 90014

T: 213.788.4340

# HUESTON HENNIGAN LLP

February 25, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20230

**Remittance**

Please send your payment to this address:
  Hueston Hennigan LLP
  PO Box 894265
  Los Angeles, CA  90189-4265

Physical address for delivery services:
  Hueston Hennigan LLP
  c/o First Data Corporation
  2525 Corporate Place, Suite 250
  Monterey Park, CA  91754-7676

**Wire and EFT Instructions**



**Please return this page with your payment**

**Invoice Summary**
Through January 31, 2026




# EXHIBIT E

**TAXPAYER ID**

523 West 6th Street
Suite 400
Los Angeles, CA 90014

T: 213.788.4340

# HUESTON HENNIGAN LLP

March 31, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20633

## Invoice Summary
Through February 28, 2026

| | |
|---|---|
| Current Fees: | $ ▉▉▉▉ |
| Less ▉▉ Discount | ▉▉▉▉ |
| Current Costs: | ▉▉▉ |
| **Total Current Amount Due:** | $ ▉▉▉ |

**If paid within 14 days of receipt, an additional ▉▉ Prompt Pay Discount Applies:**

| | |
|---|---|
| Current Fees: | $ ▉▉▉▉ |
| Less ▉▉ Discount | ▉▉▉▉ |
| Less Prompt Pay Discount: | ▉▉▉▉ |
| Current Costs: | ▉▉▉ |
| **Total Current Amount Due:** | $ ▉▉▉ |

*This invoice has been reviewed and is being submitted for payment.*

J. Michael Issa, Chapter 11
March 31, 2026
Page 2

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

## Outstanding Invoices

| Date | Invoice # | Matter | Fees Billed | Costs Billed | Other | Credits | Balance |
|------|-----------|--------|-------------|--------------|-------|---------|---------|
| ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
| | | | | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | | ▮ |
| | | | | | ▮▮▮▮▮▮ | | ▮ |

J. Michael Issa, Chapter 11
March 31, 2026
Page 3

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

### Professional Services

| Date | Activity | Hours |
|------|----------|-------|
| ████████ | | |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | ████ | |
| ████████ | ██████████████████████████████ | ██ |
| | █████████████████████ | ██ |
| ██████████ | | |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | █████ | |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | ███████████████████████████████ | ██ |
| ████████ | ███████████████ | |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | ███████████ | |
| ████████ | ███████████████████████████████ | ██ |
| ████████ | ███████████ | |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | ████████████████████████████████ | ██ |
| ████████ | ███████████████████████████████ | ██ |
| ████████ | █████████████████████████ | ██ |
| ████████ | █████████████████████████████ | ██ |
| | ███████████████████████ | ██ |
| **Greer, Justin** | | |
| ████████ | ██████████████████████████ | ██ |
| | ███████████████████ | |
| 02/02/2026 | ANALYZE SECURITY VIDEO FOOTAGE PROVIDED BY OFFICE BUILDING. | 0.10 |
| 02/02/2026 | CORRESPONDENCE WITH CLIENT RE SECURITY VIDEO FOOTAGE. | 0.10 |
| ████████ | ██████████████████████ | |
| 02/02/2026 | CONFER WITH OPPOSING COUNSEL RE SANCTIONS AND OTHER MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.20 |
| 02/02/2026 | DISCUSS OUTCOME OF CONFERRAL WITH A. LIBEU. | 0.10 |
| 02/02/2026 | ANALYZE VIDEO FOOTAGE FROM OFFICE RECEPTION AREA. | 0.80 |
| ████████ | █████████████████████ | ██ |
| 02/02/2026 | CONFERENCE WITH CLIENT RE UPCOMING MOTIONS. | 0.40 |
| ████████ | █████████████████████ | ██ |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | ███████████████████████████████ | ██ |
| ████████ | ███████████ | |
| ████████ | █████████████████████████ | ██ |
| ████████ | ████ | |
| ████████ | ███████████████████████ | ██ |
| ████████ | ██████████████████████████████ | ██ |
| | ██████████ | |

J. Michael Issa, Chapter 11
March 31, 2026
Page 4

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| | | |
| 02/03/2026 | CORRESPONDENCE WITH CLIENT RE VIDEO FOOTAGE. | 0.10 |
| 02/03/2026 | ANALYZE SECURITY VIDEO FOOTAGE RELATING TO DEPOSITION OF DIKLA UNATIN. | 0.50 |
| | | |
| 02/05/2026 | CORRESPONDENCE WITH CLIENT RE SECURITY VIDEO FOOTAGE. | 0.10 |

J. Michael Issa, Chapter 11

March 31, 2026

Page 5

Matter: In re Kfir Gavrieli

Matter No.: 00001

Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|---|---|---|
| 02/13/2026 | ANALYZE JOINT STIPULATIONS PROVIDED BY OPPOSING COUNSEL. | 0.20 |
| 02/14/2026 | ANALYZE JOINT STIPULATIONS IN SUPPORT OF DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE AND DEVELOP STRATEGY RE SAME. | 0.50 |
| 02/14/2026 | DISCUSS STRATEGY WITH A. LIBEU RE RESPONSE TO DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.50 |
| 02/17/2026 | DRAFT TRUSTEE'S PORTIONS OF JOINT STIPULATION RELATING TO DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION. | 3.40 |
| 02/18/2026 | DRAFT TRUSTEE'S PORTIONS OF JOINT STATEMENT RE DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION. | 2.80 |
| 02/19/2026 | DRAFT PORTIONS OF JOINT STIPULATION RE MOTION TO EXCLUDE KFIR FROM DEPOSITIONS. | 2.90 |
| 02/19/2026 | REVISE JOINT STIPULATION RE DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITIONS TO INCORPORATE FEEDBACK FROM A. LIBEU. | 0.60 |
| 02/20/2026 | DRAFT AND REVISE DECLARATIONS SUPPORTING JOINT STIPULATIONS REGARDING DIKLA'S DISCOVERY MOTIONS. | 2.50 |

J. Michael Issa, Chapter 11
March 31, 2026
Page 6

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP



**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|
| 02/20/2026 | REVISE AND FINALIZE TRUSTEE'S PORTIONS OF JOINT STIPULATIONS RELATING TO DIKLA'S DISCOVERY MOTIONS. | 1.60 |
| 02/20/2026 | REVISE PORTIONS OF JOINT STIPULATION RELATING TO DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION TO INCORPORATE CLIENT'S FEEDBACK. | 1.10 |
| 02/23/2026 | REVISE LIBEU DECLARATION RE MOTION TO EXCLUDE KFIR FROM DEPOSITIONS. | 0.20 |
| 02/23/2026 | DRAFT AND REVISE DECLARATIONS AND RELATING DOCUMENTS PERTAINING TO DIKLA'S MOTIONS. | 2.00 |
| 02/23/2026 | FINALIZE DECLARATIONS RELATING TO DIKLA'S MOTIONS. | 0.40 |
| 02/23/2026 | CORRESPONDENCE WITH OPPOSING COUNSEL RE LODGED EXHIBITS. | 0.10 |

**Total Hours Worked by Greer, Justin:**

**Libeu, Allison**

J. Michael Issa, Chapter 11
March 31, 2026
Page 7

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| ██ | ██ | ██ |
| 02/13/2026 | ██ ANALYZE UNATIN MOTIONS RE: DEPOSITION (.7) | ██ |
| 02/14/2026 | ANALYZE ISSUES FOR RESPONSE TO DIKLA'S DISCOVERY MOTIONS RE DEPOSITIONS (.4); ██ | ██ |
| 02/15/2026 | STRATEGY FOR RESPONSE TO MOTION FOR EXCLUDE KFIR FROM DEPOSITION | 0.20 |
| 02/16/2026 | STRATEGY AND CONFERENCE WITH KFIR RE: RESPONSE TO DIKLA'S MOTIONS ABOUT DEPOSITION | 1.20 |
| 02/17/2026 | ANALYZE ARGUMENTS FOR OPPOSITION TO DIKLA'S MOTIONS TO EXCLUDE KFIR FROM DEPOSITION AND FOR PROTECTIVE ORDER | 0.40 |
| 02/18/2026 | ANALYSIS RE: DIKLA'S MOTION TO EXCLUDE KFIR AT DEPOSITION | 0.10 |
| ██ | ██ | ██ |
| 02/19/2026 | REVISE OPPOSITION TO DIKLA'S MOTION RE: EXCLUDING KFIR FROM DEPOSITION (2.6); ██ | ██ |



J. Michael Issa, Chapter 11
March 31, 2026
Page 8

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 02/20/2026 | ████████████████████████████████████████████ ; REVISE OPPOSITION TO UNATIN MOTION FOR PROTECTIVE ORDER RE: KFIR'S DEPOSITION ATTENDANCE (1); ██████████████████████████████████ | ██ |
| 02/21/2026 | ATTENTION TO OPPOSITION TO MOTION TO EXCLUDE KFIR FROM DEPOSITION | 0.10 |
| ████████ | ██████████████████████████████ | ██ |
| 02/23/2026 | ██████████████████████████████████ DRAFT DECLARATION IN SUPPORT OF OPPOSITION TO DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION (.3) | ██ |
| 02/24/2026 | FOLLOW UP RE: UNATIN MOTION TO EXCLUDE KFIR FROM DEPOSITION | 0.20 |
| ████ | ██████████████████████ | ██ |
| ████ | ██████████████████████ | ██ |
| ████ | ██████████████████████████████ | ██ |
| | ████████ | |
| | **Total Hours Worked by Libeu, Allison:** | ██ |

**McPherson, Ian**

| Date | Activity | Hours |
|------|----------|-------|
| ████ | ██████████████████████████████ | ██ |
| ████ | ██████████████████████ | ██ |
| | ██████████████████████████████ | |
| 02/20/2026 | CITE CHECK, PROOFREAD, PULL EXHIBITS RELATED TO JOINT STIPULATION RE DEPOSITION ATTENDANCE. | 2.50 |
| ████ | ██████████████████████████████ | ██ |
| ████ | ██████████████████████████████ | ██ |
| 02/23/2026 | PREPARE EXHIBITS AND DOCUMENTS FOR FILINGS: NOTICE OF MOTION TO COMPEL CONTINUED DEPOSITION & FOR SANCTIONS; JOINT STIPULATION RE MOTION TO COMPEL; LIBEU DECLARATION; GREER DECLARATION AND ACCOMPANYING EXHIBITS; KFIR GAVRIELI DECLARATION; NOTICE OF LODGING. | 4.50 |
| 02/24/2026 | COORDINATE TRANSMITTAL OF LODGED VIDEO FILES TO COURT RE JOINT STIPULATION FILINGS. | 0.50 |
| | **Total Hours Worked by McPherson, Ian:** | ██ |
| | **Total Hours:** | ██ |
| | **Total Fees:** | $ ████████ |

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

## Timekeeper Summary



| Name | Billing Rate | Hours | Fee Amount |
|---|---|---|---|
| ███████ | ██ | ██ | ██ |
| ████████ | ██ | ██ | ██ |
| Greer, Justin | ██ | ██ | ██ |
| ██████ | ██ | ██ | ██ |
| Libeu, Allison | ██ | ██ | ██ |
| McPherson, Ian | ██ | ██ | ██ |
| **Total Billed:** | ██ | ██ | ██ |

## Cost Summary

| Description | | Amount |
|---|---|---|
| ████ | | ██ |
| ███ | | ██ |
| ████████ | | ██ |
| ██████████ | | ██ |
| ████████ | ██ | ██ |

**TAXPAYER ID**

<span>███████</span>

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

March 31, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20633

## Remittance

Please send your payment to this address:
  Hueston Hennigan LLP
  PO Box 894265
  Los Angeles, CA  90189-4265

Physical address for delivery services:
  Hueston Hennigan LLP
  c/o First Data Corporation
  2525 Corporate Place, Suite 250
  Monterey Park, CA  91754-7676

## Wire and EFT Instructions



## Please return this page with your payment

## Invoice Summary
Through February 28, 2026



# EXHIBIT F

**TAXPAYER ID**   523 West 6th Street
Suite 400
Los Angeles, CA 90014

T: 213.788.4340

# HUESTON HENNIGAN LLP

April 17, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20781

## Invoice Summary
Through March 31, 2026

| | | |
|---|---|---|
| Current Fees: | $ | |
| Less ▆ Discount | | |
| **Total Current Amount Due:** | $ | |
| | | |
| Outstanding Fees and Costs Due: | | |
| **Total Current and Outstanding Due:** | $ | |

**If paid within 14 days of receipt, an additional ▆ Prompt Pay Discount Applies:**

| | | |
|---|---|---|
| Current Fees: | $ | |
| Less ▆ Discount | | |
| Less Prompt Pay Discount: | | |
| **Total Current Amount Due:** | $ | |

*This invoice has been reviewed and is being submitted for payment.*

# HUESTON HENNIGAN LLP

## Outstanding Invoices

| Date | Invoice # | Matter | Fees Billed | Costs Billed | Other | Credits | Balance |
|------|-----------|--------|-------------|--------------|-------|---------|---------|
| ██████ | ████ | ████ | █████ | ████ | ██ | ██████ | ████ |
| | | | | ████████████████ | | | ████ |
| ██████ | ████ | ████ | █████ | ████ | ██ | ███ | ████ |
| | | | | ████████████████ | | | ████ |
| | | | | | | ██████ | ████ |

J. Michael Issa, Chapter 11
April 17, 2026
Page 3

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| ██████ | ████████████████████████████ | ██ |
| | ██████████████████████████ | |
| | █████████████████████████ | ██ |
| | ████████████████ | |
| ██████ | | |
| ██████ | █████████████████████████ | ██ |
| ██████ | ████████████████████ | ██ |
| ██████ | █████████████████████ | ██ |
| | ███████████████ | ██ |

**Greer, Justin**

| Date | Activity | Hours |
|------|----------|-------|
| ██████ | ████████████████████████ | ██ |
| ██████ | ██████████████████████ | ██ |
| 03/11/2026 | DISCUSS STRATEGY RE UPCOMING HEARING WITH A. LIBEU. | 0.30 |
| ██████ | ████████████████████████████ | |
| | ███████████████████ | |
| ██████ | ████████████████████████████ | ██ |
| | ██████████ | |
| ██████ | ████████████████████████████ | ██ |
| | ██████████ | |
| ██████ | ██████████████████████ | ██ |
| ██████ | ██████████████████████████ | ██ |
| ██████ | ████████████████████████████ | ██ |
| ██████ | █████████████████ | ██ |
| ██████ | ████████████████████████████ | ██ |
| 03/16/2026 | ANALYZE TENTATIVE RULINGS ON DISCOVERY MOTIONS AND DEVELOP STRATEGY RE SAME. | 0.40 |
| 03/16/2026 | DISCUSS COURT'S TENTATIVE RULING WITH A. LIBEU. | 0.10 |
| ██████ | ██████████████████████████ | ██ |
| ██████ | ████████████████████ | ██ |
| ██████ | █████████████████████ | ██ |
| ██████ | ██████████████████████████ | ██ |
| ██████ | ████████████████ | |
| ██████ | ████████████████████████ | ██ |
| ██████ | ██████████████████████ | ██ |
| ██████ | ██████████████████████████ | ██ |
| ██████ | ███████████████████ | ██ |
| ██████ | █████████████████████████ | ██ |
| | ████████████████ | |

J. Michael Issa, Chapter 11
April 17, 2026
Page 4

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

**Professional Services**

| **Date** | **Activity** | **Hours** |
|---|---|---|



J. Michael Issa, Chapter 11
April 17, 2026
Page 5

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | **Total Hours Worked by Greer, Justin:** | |

**Libeu, Allison**

| Date | Activity | Hours |
|------|----------|-------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 03/11/2026 | PREPARE FOR HEARING ON MOTIONS RE: DIKLA'S DEPOSITION | 0.50 |
| | | |
| | | |
| | | |
| | | |
| | | |
| 03/16/2026 | | |
| | PREPARE FOR ARGUMENT ON MOTION TO EXCLUDE KFIR FROM DEPOSITION (2.2); | |
| 03/17/2026 | PREPARE FOR AND HEARING ON MOTION TO EXCLUDE KFIR FROM DEPOSITION (2.6); | |

J. Michael Issa, Chapter 11
April 17, 2026
Page 6

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

## Professional Services



| Date | Activity | Hours |
|------|----------|-------|
| ███ | ████████████████████████████ | ██ |
|  | ████████████████ | |
|  | **Total Hours Worked by Libeu, Allison:** | ██ |
| ████████ | | |
| ████ | ███████████████████████ | ██ |
| ████ | ███████████████████████ | ██ |
|  | ████████████████ | ██ |
|  | **Total Hours:** | ██ |
|  | **Total Fees:** | ████ |

## Timekeeper Summary



| Name | Billing Rate | Hours | Fee Amount |
|------|--------------|-------|------------|
| ██████ | ████ | ██ | ████ |
| ████ | ████ | ██ | ████ |
| Greer, Justin | ████ | ██ | ████ |
| Libeu, Allison | ████ | ██ | ████ |
| ████ | ██ | ██ | ████ |
| **Total Billed:** | | ██ | ████ |

**TAXPAYER ID**

▉▉▉▉▉▉

523 West 6th Street
Suite 400
Los Angeles, CA 90014

T: 213.788.4340

# HUESTON HENNIGAN LLP

April 17, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20781

**Remittance**

Please send your payment to this address:
   Hueston Hennigan LLP
   PO Box 894265
   Los Angeles, CA  90189-4265

Physical address for delivery services:
   Hueston Hennigan LLP
   c/o First Data Corporation
   2525 Corporate Place, Suite 250
   Monterey Park, CA  91754-7676

**Wire and EFT Instructions**



**Please return this page with your payment**

**Invoice Summary**
Through March 31, 2026



# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2021 06:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. McClendon,Deputy Clerk

HUESTON HENNIGAN LLP
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Eunice Leong, State Bar No. 320499
eleong@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

*Attorneys for Defendant*
*IMDb.com, Inc.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| BRUCE H. SINGMAN, | Case No. 20SMCV00748 |
| Plaintiff, | **NOTICE OF ENTRY OF ORDER** |
| vs. | Assigned for All Purposes To: |
| IMDB.COM, INC., | Judge:   Hon. Elaine W. Mandel |
| Defendant. | |

- 1 -
Case No.  20SMCV0074
NOTICE OF ENTRY OF ORDER

5965127

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant's Motion for Attorneys Fees came on regularly for hearing on April 8, 2021 in Department P of the Los Angeles Superior Court, Santa Monica Courthouse located at1725 Main Street, Santa Monica, CA 90401. Counsel for Defendant IMDb.com, Inc. ("IMDb"), Eunice Leong appeared telephonically. Plaintiff was not present.

The Court entered the Minute Order attached hereto as **Exhibit A.** Counsel for IMDb was ordered to, and does hereby, give notice.

DATED: April 23, 2021

Respectfully submitted,

HUESTON HENNIGAN LLP

By: _____
    Moez M. Kaba
    Attorneys for Defendant
    IMDb.com, Inc.

- 2 -

Case No.  20SMCV00748
NOTICE OF ENTRY OF ORDER

5965127

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department P

**20SMCV00748**                                                April 8, 2021
**BRUCE H. SINGMAN vs IMDB.COM INC.**                              8:30 AM

Judge: Honorable Elaine W. Mandel        CSR: None
Judicial Assistant: P. Anyankor          ERM: None
Courtroom Assistant: R. Juarez           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): Eunice Leong is appearing telephonically for Moez M. Kaba

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Counsel/parties are provided with the Court's tentative ruling, that is available on the Court's website for review.

The matter is called for hearing.

There is no appearance by or for the Plainitff.

The above-captioned motion is held.

Moving Party submits on the Court's tentative ruling.

The Court adopts its tentative ruling as the final order of the Court.

The final order is written as follows:

Defendant IMDb.com, Inc. prevailed in an anti-SLAPP motion. 9/16/2020 minute order. An award of attorney's fees and costs is mandatory for a prevailing defendant in an anti-SLAPP motion. Cal. Code of Civ. Proc. §425.16(c)(1); Ketchum v. Moses (2001) 24 Cal.4th 1122, 1131.

As IMDB prevailed on its anti-SLAPP motion, reasonable attorney's fees must be awarded. Defendant submits bills for work performed by three attorneys. The amount of time billed was reasonable, as were billing rates -- $1,025/hr, $920/hr and $815/hr. Though high, these hourly rates are not excessive in light of counsels' skill and experience (see Kaba decl.). The motion is GRANTED, with no opposition. Plaintiff to pay attorney's fees of $15,204.50 within 30 days.

DUE TO THE ONGOING COVID-19 PANDEMIC PARTIES AND COUNSEL ARE ENCOURAGED TO APPEAR VIA LA COURT CONNECT.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

West District, Santa Monica Courthouse, Department P

**20SMCV00748**                                                     April 8, 2021
**BRUCE H. SINGMAN vs IMDB.COM INC.**                                 8:30 AM

Judge: Honorable Elaine W. Mandel          CSR: None
Judicial Assistant: P. Anyankor            ERM: None
Courtroom Assistant: R. Juarez             Deputy Sheriff: None

---

********************END OF RULING

The Motion for Attorney Fees filed by IMDB.COM INC. on 03/01/2021 is Granted.

Counsel for the Defendant is to give notice.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On April 26, 2021, I served the foregoing document(s) described as:

**NOTICE OF ENTRY OF ORDER**

on the interested parties in this action as stated below:

> BRUCE H. SINGMAN, ESQ.
> Post Office Box 1350
> Pacific Palisades, CA 90272

☒ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2021, at Los Angeles, California.

| Ervin D. Upton | |
| --- | --- |
| (Type or print name) | (Signature) |

- 3 -

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On April 26, 2021, I served the foregoing document(s) described as:

**CORRECTED [PROPOSED] JUDGMENT OF DISMISSAL AFTER HEARING**

on the interested parties in this action as stated below:

BRUCE H. SINGMAN, ESQ.
Post Office Box 1350
Pacific Palisades, CA 90272
FAX: (310) 204-0554
E-MAIL: brucesingman82@gmail.com

[X]   (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2021, at Los Angeles, California.

| EUNICE LEONG | /s/ Eunice Leong |
|---|---|
| (Type or print name) | (Signature) |

- 4 -
NOTICE OF ENTRY OF ORDER

5965127

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): <u>DECLARATION OF JUSTIN M. GREER IN SUPPORT OF REQUEST FOR SANCTIONS</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>4/21/26</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher E. Prince
LESNICK PRINCE PAPPAS & ALVERSON LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
cprince@lesnickprice.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>4/21/26</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/21/26 | Kristin McCarthy | */s/ Kristin McCarthy* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**