HUESTON HENNIGAN LLP
Marshall A. Camp (SBN 231389)
*mcamp@hueston.com*
Allison Libeu (SBN 244487)
*alibeu@hueston.com*
Justin M. Greer (SBN 318086)
*jgreer@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for J. Michael Issa,
the Post-Effective Date Trustee

Lesnick Prince Pappas & Alverson LLP
Christopher E. Prince (Bar No. 183553)
*cprince@lesnickprince.com*
315 West Ninth St., Suite 705
Los Angeles, California 90015
Tel.: +1.213.291.8984 | Fax: +1.213.493.6596

Attorneys for Plaintiff
Dikla Gavrieli a/k/a Dikla Gavrieli Unatin

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KFIR GAVRIELI,<br><br>　　　　　Debtor. | Adversary Case No.: 2:21-ap-01034-BB<br><br>Chapter 11 Case<br><br>**THE POST-EFFECTIVE DATE TRUSTEE'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge: Hon. Sheri Bluebond |
| DIKLA GAVRIELI a/k/a DIKLA GAVRIELI UNATIN, individually and derivatively on behalf of GAVRIELI BRANDS, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>KFIR GAVRIELI, an individual,<br><br>　　　- and -<br><br>GAVRIELI BRANDS, LLC, a California limited liability company,<br><br>　　　　　Nominal Defendant. | |

7377935

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that J. Michael Issa, in his capacity as the Post-Effective Date Trustee for the Gavrieli Plan Trust ("Trustee") will, and hereby does, move the Court for an order permitting the Trustee to file under seal certain portions of (i) the Declaration of Justin M. Greer in Support of Request for Sanctions ("Greer Declaration"), and (ii) Exhibits D–F to the Greer Declaration (collectively, the "Sealed Documents"). Specifically, the Trustee seeks leave to file under seal portions of the Sealed Documents that disclose Hueston Hennigan's specially negotiated and discounted billing rate applicable to this matter and the total number of hours at issue in the Trustee's request for sanctions. Hueston Hennigan's discounted billing rates are nonpublic and specific to this matter, and public disclosure could harm Hueston Hennigan. Sealing of the total number of hours is also warranted because third parties could derive Hueston Hennigan's discounted billing rates if that information were public. This Motion is made pursuant to Local Bankruptcy Rule 5003-2(c), The Central Guide, and the Honorable Sheri Bluebond's Judicial Variance Statement pertaining to Local Bankruptcy Rule 5003-2(c).

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(o)(1) requires that any response to this motion and request for a hearing must be filed with the Court and served on the movant and the United States trustee within 14 days after the date of service of this notice.

This Motion is based on this Notice of Motion; the accompanying memorandum of points and authorities; all other papers, documents, or exhibits that may be filed in support of this Motion; and the argument of counsel made at any hearing held relating to this Motion.

DATED: April 21, 2026                         HUESTON HENNIGAN LLP

By: _____
Allison L. Libeu
Attorneys for J. Michael Issa,
the Post-Effective Date Trustee

- 2 -

7377935

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Bankruptcy Rule 5003-2(c)(1), the Trustee respectfully seeks leave to file under seal certain portions of (i) the Declaration of Justin M. Greer in Support of Request for Sanctions ("Greer Declaration"), and (ii) Exhibits D–F to the Greer Declaration (collectively, the "Sealed Documents").

The Trustee seeks to seal only a narrow detail in the Sealed Documents: Hueston Hennigan's special billing rate and discount applicable to this matter.

Courts routinely grant motions to seal special or negotiated billing rates if they "are competitively sensitive and not publicly known." *Mine O'Mine, Inc. v. Calmese*, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012); *E.J. Gallo Winery v. Proximo Spirits, Inc.*, 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012) (granting motion to seal "significantly modified" billing rates); *Nike, Inc. v. Fujian Jialaimeng Shoes Co., Ltd.*, 2020 WL 137382, at *3 (D. Nev. Jan. 13, 2020) (granting motion to seal billing rates because they are "confidential negotiated billing rates which are generally not available to the public or competitors").

Here, the Sealed Documents all contain references to Hueston Hennigan's special billing rates for the Trustee applicable to this matter.  Hueston Hennigan does not disclose these negotiated per-hour rates publicly, and they are specific to Hueston Hennigan's work for the Trustee. Disclosure of these rates would harm Hueston Hennigan by providing current and prospective clients—and potentially its competitors—nonpublic information about its negotiated fee agreements for its client the Trustee.

Because disclosure of both the total hours expended and the total attorney's fees could allow the public to back out Hueston Hennigan's discounted rates, the Trustee also seeks leave to file under seal the total hours expended that are reflected in the Sealed Documents. *See, e.g.*, *E&J Gallo*, 2012 WL 1635190, at *1 n.2 ("As to some of this information, the Court is faced with sealing the total hours worked or the rates charged or the total amount of the bill. Clearly, having two pieces of this information would reveal the third piece. Thus, as detailed below, the Court has ordered sealing of certain information to preclude disclosure of the rate charged.").

As required by The Central Guide, redacted versions of the Sealed Documents are attached

- 3 -

hereto as Exhibit 1.[1] A proposed order granting this Motion is being lodged herewith. The proposed order requests that the Court authorize the filing of the unredacted versions of the Sealed Documents under seal with the Court.

Accordingly, the Trustee respectfully requests that the Court grant this Motion and permit the Trustee to file under seal the Sealed Documents.

DATED: April 21, 2026                     HUESTON HENNIGAN LLP

By: _____
Allison L. Libeu
Attorneys for J. Michael Issa,
the Post-Effective Date Trustee

---

[1] The only portions of the Sealed Documents that the Trustee seeks leave to file under seal are the portions redacted in red. The portions that are redacted in black reflect information that is irrelevant to the Trustee's sanctions request and that the Trustee does not intend to file publicly or under seal.

- 4 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): <u>THE POST-EFFECTIVE DATE</u>
<u>TRUSTEE'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE UNDER SEAL</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>4/21/26</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher E. Prince
LESNICK PRINCE PAPPAS & ALVERSON LLP
315 West Ninth Street, Suite 705
Los Angeles, CA 90015
cprince@lesnickprice.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>4/21/26</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Sheri Bluebond
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/21/26 | Kristin McCarthy | */s/ Kristin McCarthy* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**