# EXHIBIT 1

HUESTON HENNIGAN LLP
Marshall A. Camp (SBN 231389)
*mcamp@hueston.com*
Allison Libeu (SBN 244487)
*alibeu@hueston.com*
Justin Greer (SBN 318086)
*jgreer@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for J. Michael Issa,
the Post-Effective Date Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Adversary Case No.: 2:21-ap-01034-BB |
| KFIR GAVRIELI, | Chapter 11 Case |
| Debtor. | **DECLARATION OF JUSTIN M. GREER IN SUPPORT OF REQUEST FOR SANCTIONS** |
| DIKLA GAVRIELI a/k/a DIKLA GAVRIELI UNATIN, individually and derivatively on behalf of GAVRIELI BRANDS, LLC, a California limited liability company, | Judge:  Hon. Sheri Bluebond |
| Plaintiff, | |
| v. | |
| KFIR GAVRIELI, an individual, | |
| - and - | |
| GAVRIELI BRANDS, LLC, a California limited liability company, | |
| Nominal Defendant. | |

7372333

I, Justin M. Greer, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am an attorney at the law firm of Hueston Hennigan LLP, counsel of record for J. Michael Issa, in his capacity as the Post-Effective Date Trustee of the Gavrieli Plan Trust ("Trustee"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I am providing this Declaration pursuant to the Court's Order on Plaintiff Dikla Gavrieli Unatin's Motion for Protective Order re Debtor Kfir Gavrieli's Attendance at Plaintiff's Deposition. *See* Dkt. 356 (the "Order"). The Order granted the Trustee's "request for an award of sanctions" and directed "Mrs. Unatin and Mr. Prince, jointly and severally, to pay the reasonable attorney's fees and costs that the Trustee incurred in opposing the Motion, which may include at the Court's discretion fees related to efforts to disprove that there was any harassment or intimidation by Mr. Gavrieli." *Id.* at 2. The Order further directed the Trustee to "file and serve a declaration setting forth the amount of attorney's fees and costs the Trustee seeks to recover no later than April 21, 2026." *Id.*

3. The Trustee seeks to recover $34,519.05 in attorney's fees and costs incurred in opposing Plaintiff's Motion for Protective Order re Debtor Kfir Gavrieli's Attendance at Plaintiff's Deposition ("Motion"), which represents less than the total amount incurred by the Trustee to oppose the Motion. As the Court may recall, the Motion (and several other discovery motions filed by the parties at the same time) arose from Mrs. Unatin's and her counsel's improper premature termination of Mrs. Unatin's deposition after only two hours on the record. Following the deposition, Mrs. Unatin and her counsel falsely asserted that Mr. Gavrieli had "harassed" and "intimidated" Mrs. Unatin and her husband during the deposition. *See* Dkt. No. 319 at 153 (Ex. 2). Mrs. Unatin and her counsel also told the Trustee's counsel that Mr. Gavrieli's alleged "harassment" and "intimidation" would be the basis for Mrs. Unatin's Motion. *See id.* The Trustee was thus forced to expend significant effort and expense to gather evidence disproving Mrs. Unatin's and her counsel's false assertions and presenting that evidence to the Court in opposition to the Motion. For this reason, the Court found it was "appropriate" for the Trustee to

- 2 -

include fees relating to "trying to disprove that [Mr. Gavrieli] was threatening or intimidating" in the Trustee's sanctions request. Ex. A at 70:20–71:1.

4.      The bases for the Trustee's requested fees are set forth below and in the exhibits accompanying this Declaration.

### Background of Hueston Hennigan and Relevant Personnel

5.      Hueston Hennigan's offices are in Los Angeles and Newport Beach, California and New York, New York. Hueston Hennigan regularly handles critical, high-stakes litigation.

6.      Industry publications, including *Chambers*, *Law360*, and the *National Law Journal*, have recognized Hueston Hennigan as a leading litigation boutique.

7.      Hueston Hennigan has also been involved in both this adversary proceeding, Kfir Gavrieli's underlying bankruptcy proceeding, and other related proceedings for many years. Indeed, the Court has also previously approved Hueston Hennigan's rates in connection with fee applications and similar filings in Mr. Gavrieli's underlying bankruptcy case, implicitly finding those rates to be reasonable and consistent with market rates. *See, e.g., In re Kfir Gavrieli*, No. 2:21-bk-10826-BB (Bankr. C.D. Cal.), Dkt. Nos. 101, 537, 892.

8.      Between January and March 2026, the Hueston Hennigan team that worked on the Trustee's opposition to the Motion includes two attorneys and one paralegal.  The table below details the attorneys and paralegal, including their billing rate applicable to this matter:

| Name | Title | Legal Experience | Billing Rate | Legal Education | Profile Page |
|---|---|---|---|---|---|
| Allison L. Libeu | Partner | 19 years | ▮▮ | UCLA Law | Ex. B |
| Justin M. Greer | Of Counsel | 8 years | ▮▮ | Georgetown Law | Ex. C |
| Ian McPherson | Paralegal | N/A | ▮▮ | N/A | N/A |

9.      Ms. Libeu has represented numerous clients involved in high-stakes business disputes across a variety of areas in both trial and appellate courts. She has also been recognized for her professional achievements by various publications, including the *Daily Journal*, *Benchmark Litigation*, *Legal 500*, and *Los Angeles Business Journal*.

10. After graduating from Georgetown University Law Center, I worked as an associate at Irell & Manella LLP and clerked for one year on the United States Court of Appeals for the Ninth Circuit. I joined Hueston Hennigan after my clerkship in 2020. During my career, I have represented numerous clients involved in high-stakes business disputes in both trial and appellate courts.

11. Hueston Hennigan's fee arrangement includes a significant discount of ▮▮ off Hueston Hennigan's standard billing rates. The billing rates set forth above and that underlie the Trustee's requested fees are the discounted rates applicable to this matter.

12. I am generally familiar with the market for legal services in Southern California through my work at Hueston Hennigan and my experience in the legal industry. I am informed and believe that the standard hourly rates charged by Hueston Hennigan are comparable to the prevailing market rates charged by similar leading firms and are in conformance with the rate determinations in other cases in California. Indeed, this Court has previously approved Hueston Hennigan's billing rates in Mr. Gavrieli's underlying bankruptcy case on multiple occasions. *See, e.g., In re Kfir Gavrieli*, Dkt. Nos. 101, 537, 892. The discounted rates billed to the Trustee are especially reasonable when considering the complexity of this matter and the necessity of coordination across multiple active cases in multiple jurisdictions.

### Fees and Costs Incurred Relating to the Motion

13. The Trustee requests recovery of $34,519.05 in fees for work performed by counsel and professional staff relating to the Motion. The table below outlines the total hours expended for work relating to the Motion for each biller and each biller's discounted rate applicable to this matter during the relevant period:

| Name | Title | Billing Rate | Total Hours | Fees |
|---|---|---|---|---|
| Allison L. Libeu | Partner | ▮▮ | ▮▮ | $16,629.00 |
| Justin M. Greer | Of Counsel | ▮▮ | ▮▮ | $16,544.55 |
| Ian McPherson | Paralegal | ▮▮ | ▮▮ | $1,345.50 |

- 4 -

14.     Hueston Hennigan billed the Trustee for work relating to the Motion between January and March 2026. Hueston Hennigan's invoices are attached as Exhibits D–F.

15.     The amount requested by the Trustee is less than the total amount of fees and costs the Trustee incurred relating to the Motion and this case more broadly. For instance, the Trustee has excluded from the amount he seeks to recover (i) any billing entries that pertain solely to work unrelated to the Motion; (ii) work performed by two other Hueston Hennigan attorneys that billed time relating to the Motion; (iii) work performed by Hogan Lovells LLP and by the Trustee himself relating to the Motion; (iv) significant additional time spent addressing Mrs. Unatin's and her counsel's false allegations of intimidation and harassment in connection with the parties' other discovery motions; (v) costs relating to the Motion, including filing fees, printing costs, vendor fees, and similar expenses; and (vi) fees relating to the preparation of this Declaration and the sanctions hearing scheduled by the Court.

16.     Some of the billing entries that support the Trustee's request reflect work relating to both the Motion and the parties' other discovery motions that were filed at or around the same time as the Motion. The Trustee has handled those billing entries in one of two ways.

17.     *First*, if the billing entry allocates a specific amount of time to the Motion, the Trustee has limited his request to that allocated amount of time. An example of this type of billing entry is the entry for Ms. Libeu's time on February 19, 2026. *See* Ex. E at 7. That entry states, in relevant part: "Revise opposition to Dikla's motion re: excluding Kfir from deposition (2.6)." *Id.* (capitalization normalized). The remainder of the entry pertains to work unrelated to the Motion. As a result, for this entry, the Trustee has limited his request to 2.6 hours. The Trustee has done the same with all other billing entries of this type.

18.     *Second*, if the billing entry does not allocate a specific amount of time to the Motion, the Trustee has divided the fees sought for that entry by the number of motions to which the entry relates. An example of this type of billing entry is the entry for Ms. Libeu's time on February 17, 2026. *See* Ex. E at 7. That entry states: "Analyze arguments for opposition to Dikla's motions to exclude Kfir from deposition and for protective order." *Id.* (capitalization normalized). The amount of billed time associated with that entry is 0.4 hours. *See id.* Because this entry related

- 5 -

to two motions (i.e., the Motion and Mrs. Unatin's motion for a protective order regarding deposition questioning), the Trustee divided the time associated with this entry in half and is requesting recovery for only 0.2 hours. The table below reflects the billing entries that fall within this category, the number of motions to which each entry relates, and the number of hours associated with each entry for which the Trustee seeks recovery.

| Date | Billing Entry Text | Hours Billed | Number of Motions at Issue | Requested Hours |
|---|---|---|---|---|
| Allison Libeu | | | | |
| 1/27/2026 | ANALYSIS RE: THREATENED PROTECTIVE ORDER MOTION AND RESPONSE | 2.3 | 2 | 1.15 |
| 2/13/2026 | ANALYZE UNATIN MOTIONS RE: DEPOSITION (.7) | 0.7 | 2 | 0.35 |
| 2/14/2026 | ANALYZE ISSUES FOR RESPONSE TO DIKLA'S DISCOVERY MOTIONS RE DEPOSITIONS (.4) | 0.4 | 2 | 0.2 |
| 2/16/2026 | STRATEGY AND CONFERENCE WITH KFIR RE: RESPONSE TO DIKLA'S MOTIONS ABOUT DEPOSITION | 1.2 | 2 | 0.6 |
| 2/17/2026 | ANALYZE ARGUMENTS FOR OPPOSITION TO DIKLA'S MOTIONS TO EXCLUDE KFIR FROM DEPOSITION AND FOR PROTECTIVE ORDER | 0.4 | 2 | 0.2 |
| 3/11/2026 | PREPARE FOR HEARING ON MOTIONS RE: DIKLA'S DEPPOSITION | 0.5 | 2 | 0.25 |
| Justin Greer | | | | |
| 1/27/2026 | DRAFT RESPONSE TO OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.7 | 3 | 0.23 |
| 1/27/2026 | DISCUSS STRATEGY FOR RESPONSE TO OPPOSING | 0.2 | 3 | 0.066 |

Adversary No.: 2:21-ap-01034-BB
DECLARATION OF J. GREER IN SUPPORT OF REQUEST FOR SANCTIONS

7372333

| Date | Billing Entry Text | Hours Billed | Number of Motions at Issue | Requested Hours |
|---|---|---|---|---|
| | COUNSEL IN DERIVATIVE ADVERSARY CASE WITH A. LIBEU. | | | |
| 1/28/2026 | CORRESPONDENCE WITH OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.1 | 3 | 0.033 |
| 2/2/2026 | CONFER WITH OPPOSING COUNSEL RE SANCTIONS AND OTHER MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.2 | 5 | 0.04 |
| 2/2/2026 | DISCUSS OUTCOME OF CONFERRAL WITH A. LIBEU. | 0.1 | 5 | 0.02 |
| 2/2/2026 | CONFERENCE WITH CLIENT RE UPCOMING MOTIONS. | 0.4 | 5 | 0.08 |
| 2/13/2026 | ANALYZE JOINT STIPULATIONS PROVIDED BY OPPOSING COUNSEL. | 0.2 | 3 | 0.066 |
| 2/14/2026 | ANALYZE JOINT STIPULATIONS IN SUPPORT OF DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE AND DEVELOP STRATEGY RE SAME. | 0.5 | 3 | 0.166 |
| 2/14/2026 | DISCUSS STRATEGY WITH A. LIBEU RE RESPONSE TO DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.5 | 3 | 0.166 |
| 2/20/2026 | DRAFT AND REVISE DECLARATIONS SUPPORTING JOINT STIPULATIONS REGARDING DIKLA'S DISCOVERY MOTIONS. | 2.5 | 3 | 0.83 |
| 2/20/2026 | REVISE AND FINALIZE TRUSTEE'S PORTIONS OF JOINT STIPULATIONS RELATING TO DIKLA'S DISCOVERY MOTIONS. | 1.6 | 3 | 0.53 |

- 7 -

7372333

| Date | Billing Entry Text | Hours Billed | Number of Motions at Issue | Requested Hours |
|------|-------------------|--------------|---------------------------|-----------------|
| 2/23/2026 | DRAFT AND REVISE DECLARATIONS AND RELATING DOCUMENTS PERTAINING TO DIKLA'S MOTIONS. | 2 | 3 | 0.66 |
| 2/23/2026 | FINALIZE DECLARATIONS RELATING TO DIKLA'S MOTIONS. | 0.4 | 3 | 0.133 |
| 3/11/2026 | DISCUSS STRATEGY RE UPCOMING HEARING WITH A. LIBEU. | 0.3 | 5 | 0.06 |
| 3/16/2026 | ANALYZE TENTATIVE RULINGS ON DISCOVERY MOTIONS AND DEVELOP STRATEGY RE SAME. | 0.4 | 5 | 0.08 |
| 3/16/2026 | DISCUSS COURT'S TENTATIVE RULING WITH A. LIBEU. | 0.1 | 5 | 0.02 |
| Ian McPherson | | | | |
| 2/23/2026 | PREPARE EXHIBITS AND DOCUMENTS FOR FILINGS: NOTICE OF MOTION TO COMPEL CONTINUED DEPOSITION & FOR SANCTIONS; JOINT STIPULATION RE MOTION TO COMPEL; LIBEU DECLARATION; GREER DECLARATION AND ACCOMPANYING EXHIBITS; KFIR GAVRIELI DECLARATION; NOTICE OF LODGING. | 4.5 | 5 | 0.9 |

**The Requested Hourly Rates and Fee Amounts Are Reasonable**

19.    "[C]ourts must calculate awards for attorneys' fees using the lodestar method[.]" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (cleaned up). The lodestar is entitled to a "strong presumption" of reasonableness. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). The party opposing fees "bears the burden of providing

specific evidence to challenge" the request. *McGrath v. County of Nevada*, 67 F.3d 248, 252, 255 (9th Cir. 1995). "The lodestar [is calculated] by multiplying the number of hours" that were "reasonabl[y] expended . . . by a reasonable hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

20.    The requested number of hours is reasonable. A "reasonable" number of hours is the time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Only those hours which the Court finds "excessive, redundant, or otherwise unnecessary" should be excluded. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). In complex litigation like this case, the Ninth Circuit recognizes that some duplicative work is "inherent in the process of litigating over time." *Moreno*, 534 F.3d at 1112.

21.    The Trustee seeks recovery for ▮▮▮ hours by two attorneys and ▮▮▮ hours by one paralegal for work between January and March 2026. Those hours are detailed in the contemporaneous time records submitted herewith and in the table included above. *See* Exs. D–F; *see also Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 963 (C.D. Cal. 2009) (attorney time statements are "entitled to credence in the absence of a clear indication the records are erroneous" (citation and alteration omitted)). The contemporaneous time records only include hours actually billed by Hueston Hennigan to the Trustee.

22.    The contemporaneous records thus reasonably reflect the hours Hueston Hennigan expended relating to the Motion. *See, e.g., Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."); *Hensley*, 461 U.S. at 437 n.12 (prevailing parties are "not required to record in great detail how each minute of [their] time was expended").

23.    The number of hours expended by Hueston Hennigan relating to the Motion is reasonable. As described earlier, the Trustee has voluntarily excluded time billed by two other Hueston Hennigan attorneys, by Hogan Lovells LLP, and by the Trustee relating to the Motion, limiting the scope of his request to the time billed by the two Hueston Hennigan attorneys and one paralegal primarily responsible for work relating to the Motion. The Trustee is also seeking a

- 9 -

reasonably proportional amount for billing entries that relate to both the Motion and other discovery motions, as set forth above. The total number of hours sought—approximately ███ hours across all timekeepers—is also a reasonable amount of time to spend on a complex discovery motion seeking to prevent the Trustee's designee from attending party depositions. Indeed, opposing the Motion required the Trustee to, among other things, submit two declarations (*see* Dkt. Nos. 318, 319), file or lodge twenty-nine exhibits spanning more than 200 pages (*see* Dkt. No. 319), draft portions of a nineteen-page joint stipulation (*see* Dkt. No. 327), and present argument relating to the Motion at the hearing. The requested fees are also reasonable in that most of the hours spent on the Motion were billed by me, and I bill at a lower hourly rate than Ms. Libeu, which resulted in a lower overall fee.

24.    Courts find it reasonable to expend this amount of time on discovery motions in complex cases like this one. *See, e.g., Manley v. Winsupply Inc.*, 2023 WL 7164564, at *4 (D. Idaho Oct. 30, 2023) (finding "roughly 30 hours drafting the motion to compel" was "reasonable"); *Washington v. Freedom of Expression LLC*, 2022 WL 5024276, at *2 (D. Ariz. Oct. 4, 2022) (awarding sanctions "for 39.4 hours of work"); *Mills v. Steuben Foods, Inc.*, 2023 WL 4781904, at *2 (W.D.N.Y. July 27, 2023) (finding "28.9 hour[s] to have been reasonably required to oppose Plaintiff's motion to compel").

25.    The reasonableness of the Trustee's request is underscored by the context in which the Court awarded monetary sanctions against Mrs. Unatin and her counsel. The Motion and several of the parties' other discovery motions filed at the same time arose from Mrs. Unatin's and her counsel's improper termination of Mrs. Unatin's deposition after only two hours on the record and their subsequent false assertion that Mr. Gavrieli had "intimidated" and "harassed" Mrs. Unatin and her husband at Mrs. Unatin's deposition. *See, e.g.*, Dkt. Nos. 318, 319. Before filing the Motion, Mrs. Unatin and her counsel told the Trustee's counsel that the basis for the Motion—which sought to preclude Mr. Gavrieli from attending future depositions—was Mr. Gavrieli's purported "intimidation" and "harassment," which supposedly included Mr. Gavrieli "physically block[ing]" Mr. Unatin's access to the restroom. *See* Dkt. No. 319 at 153 (Ex. 2). As a result of those allegations, the Trustee was required to (i) gather and review evidence

Adversary No.: 2:21-ap-01034-BB
DECLARATION OF J. GREER IN SUPPORT OF REQUEST FOR SANCTIONS

7372333

disproving Mrs. Unatin's and her counsel's assertions, including security video footage from the building where Mrs. Unatin's deposition occurred; (ii) describe this evidence in opposition to the Motion; and (iii) prepare and file detailed fact declarations and related exhibits spanning more than 250 pages supporting the Trustee's opposition. *See, e.g.*, Dkt. Nos. 318, 319, 327. Faced with this evidence, Mrs. Unatin and her counsel abandoned their allegations that Mr. Gavrieli had engaged in "intimidating" and "harassing" conduct (including their allegations about Mr. Gavrieli physically blocking Mr. Unatin) in the Motion. *See* Dkt. No. 327. At the hearing on the Motion, the Court stated that fees incurred by the Trustee "to disprove that [Mr. Gavrieli] was threatening or intimidating" were "appropriate" to include in the Trustee's sanctions request. Ex. A at 70:3–71:1. The fees requested by the Trustee are reasonable in light of Mrs. Unatin's and her counsel's false and subsequently abandoned assertions regarding Mr. Gavrieli's conduct.

26.     The requested hourly rates are also reasonable. "In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney[.]" *Nguyen v. Regents of Univ. of Cal.*, 2018 WL 6112616, at *3 (C.D. Cal. May 18, 2018). "Reasonable fees . . . are calculated according to the prevailing market rates" in the Central District of California. *French v. City of Los Angeles*, 2022 WL 2189649, at *18 (C.D. Cal. May 10, 2022).

27.     The Trustee seeks to recover fees based on Ms. Libeu's discounted hourly rate of $⬛, my discounted hourly rate of $⬛, and Mr. McPherson's discounted hourly rate of $⬛. These hourly rates are reasonable for at least three reasons.

28.     *First*, the rates the Trustee seeks are counsel's actual billing rates for this matter (which are discounted from counsel's ordinary billing rates), not mere estimates. *See, e.g.*, *Amphastar Pharms., Inc. v. Aventis Pharma SA*, 2020 WL 8680070, at *27 (C.D. Cal. Nov. 13, 2020) ("Gibson [Dunn]'s hourly rates are reasonable for the additional reason that Defendants actually paid Gibson the rate Gibson seeks here, after [the 16%] discounts were applied."). Courts find actual billing rates to be "the best evidence" of an attorney's reasonable hourly billing rate. *See Elster v. I.A.M. Nat. Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984); *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982) (explaining that a lodestar multiplier should "usually [be] counsel's normal billing rate"). The requested rates "are not pie-in-the-sky numbers

that one litigant seeks to collect from a stranger but would never dream of paying [themselves]. These are bills that [the Trustee] actually paid." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 773–74 (7th Cir. 2010).

29.   *Second*, the requested rates track the "rate determinations in other cases" in California. *See, e.g.*, *In re Volkswagen "Clean Diesel Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving fees on lodestar using hourly billing rates of up to $1,600); *OpenGov, Inc. v. GTY Tech. Holdings Inc.*, 2019 WL 2010707, at *5–7 (N.D. Cal. May 7, 2019) (approving Keker, Van Nest & Peters rates of up to $1,500 per hour).

30.   Numerous courts have also found Hueston Hennigan's rates to be reasonable when awarding attorney's fees. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 8168854, at *22–23 (C.D. Cal. Oct. 6, 2023) (finding "Hueston Hennigan's hourly rates are reasonable" and "fall within the price ranges for similarly skilled attorneys"); *Vital Pharms., Inc. v. Orange Bang, Inc.*, No. 5:20-cv-1464-DSF-SHK (C.D. Cal. Apr. 6, 2022), Dkt. 75-1 at 169–73 (holding that the "hourly rates, some of which were already discounted to some extent, are reasonable" because Hueston Hennigan's rates were appropriate for "trial attorneys in the top tier of their profession"); *see also* Ex. G (April 8, 2021 minute order from Los Angeles Superior Court in *Singman v. IMDB.com*, No. 20SMCV00748, finding Hueston Hennigan's billing rates to be "reasonable").

31.   Accordingly, the Trustee requests that the Court award $34,519.05. To the extent the Court would like additional information, detail, or explanation, the Trustee and Hueston Hennigan are willing to provide it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of April, 2026, at Newport Beach, California.

_____
Justin M. Greer

- 12 -

# EXHIBIT D

**TAXPAYER ID**   ███████

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

February 25, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20230

## Invoice Summary
Through January 31, 2026

| | | |
|---|---|---|
| Current Fees: | $ | ████████ |
| Less ███ Discount | | ████████ |
| Current Costs: | | ████████ |
| **Total Current Amount Due:** | $ | ████████ |

**If paid within 14 days of receipt, an additional ███ Prompt Pay Discount Applies:**

| | | |
|---|---|---|
| Current Fees: | $ | ████████ |
| Less ███ Discount | | ████████ |
| Less Prompt Pay Discount: | | ████████ |
| Current Costs: | | ████████ |
| **Total Current Amount Due:** | $ | ████████ |

*This invoice has been reviewed and is being submitted for payment.*

J. Michael Issa, Chapter 11
February 25, 2026
Page 2

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**

| **Date** | **Activity** | **Hours** |
|---|---|---|



**Greer, Justin**

J. Michael Issa, Chapter 11
February 25, 2026
Page 3

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|

J. Michael Issa, Chapter 11
February 25, 2026
Page 4

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|



| 01/27/2026 | DRAFT RESPONSE TO OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.70 |
| 01/27/2026 | DISCUSS STRATEGY FOR RESPONSE TO OPPOSING COUNSEL IN DERIVATIVE ADVERSARY CASE WITH A. LIBEU. | 0.20 |

J. Michael Issa, Chapter 11
February 25, 2026
Page 5

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 01/28/2026 | CORRESPONDENCE RE SECURITY FOOTAGE IN LOS ANGELES OFFICE. | 0.10 |
| | | |
| | | |
| | | |
| 01/28/2026 | CORRESPONDENCE WITH OPPOSING COUNSEL RE CONFERRAL IN DERIVATIVE ADVERSARY CASE. | 0.10 |
| | | |
| | | |
| | | |
| | | |
| 01/29/2026 | CORRESPONDENCE WITH CLIENT RE SURVEILLANCE FOOTAGE. | 0.20 |
| | | |
| | | |
| | | |
| | | |
| 01/30/2026 | CORRESPONDENCE RE VIDEO FOOTAGE IN DTLA BUILDING. | 0.10 |
| | | |
| | | |

**Total Hours Worked by Greer, Justin:**

**Libeu, Allison**

J. Michael Issa, Chapter 11
February 25, 2026
Page 6

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 01/27/2026 | ANALYSIS RE: THREATENED PROTECTIVE ORDER MOTION AND RESPONSE | 2.30 |

**Total Hours Worked by Libeu, Allison:**

J. Michael Issa, Chapter 11
February 25, 2026
Page 7

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20230

# HUESTON HENNIGAN LLP

## Professional Services



| Date | Activity | Hours |
|------|----------|-------|

| | Total Hours: | █ |
| | Total Fees: | █ |

## Timekeeper Summary



| Name | Billing Rate | Hours | Fee Amount |
|------|--------------|-------|------------|
| Greer, Justin | | | |
| Libeu, Allison | | | |
| | Total Billed: | █ | █ |

## Cost Summary



| Description | Amount |
|-------------|--------|

**TAXPAYER ID** ▮▮▮▮

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

February 25, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20230

## Remittance

Please send your payment to this address:
  Hueston Hennigan LLP
  PO Box 894265
  Los Angeles, CA  90189-4265

Physical address for delivery services:
  Hueston Hennigan LLP
  c/o First Data Corporation
  2525 Corporate Place, Suite 250
  Monterey Park, CA  91754-7676

## Wire and EFT Instructions



## Please return this page with your payment

## Invoice Summary
Through January 31, 2026



# EXHIBIT E

**TAXPAYER ID**
███████

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

March 31, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20633

### Invoice Summary
Through February 28, 2026

| | |
|---|---|
| Current Fees: | $ ████████ |
| Less ███ Discount | ████████ |
| Current Costs: | ████████ |
| **Total Current Amount Due:** | $ ████████ |

**If paid within 14 days of receipt, an additional ███ Prompt Pay Discount Applies:**

| | |
|---|---|
| Current Fees: | $ ████████ |
| Less ███ Discount | ████████ |
| Less Prompt Pay Discount: | ████████ |
| Current Costs: | ████████ |
| **Total Current Amount Due:** | $ ████████ |

*This invoice has been reviewed and is being submitted for payment.*

J. Michael Issa, Chapter 11                                          Matter: In re Kfir Gavrieli
March 31, 2026                                                       Matter No.: 00001
Page 2                                                               Invoice No: 20633

# HUESTON HENNIGAN LLP

## Outstanding Invoices

| Date | Invoice # | Matter | Fees Billed | Costs Billed | Other | Credits | Balance |
|------|-----------|--------|-------------|--------------|-------|---------|---------|
| ███ | ███ | ███ | ███ | ███ | ██ | ███ | ███ |
| | | | | ████████████████ | | | ███ |
| | | | | | ████████ | | ███ |

J. Michael Issa, Chapter 11  
March 31, 2026  
Page 3

Matter: In re Kfir Gavrieli  
Matter No.: 00001  
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|



**Greer, Justin**

| Date | Activity | Hours |
|------|----------|-------|
| 02/02/2026 | ANALYZE SECURITY VIDEO FOOTAGE PROVIDED BY OFFICE BUILDING. | 0.10 |
| 02/02/2026 | CORRESPONDENCE WITH CLIENT RE SECURITY VIDEO FOOTAGE. | 0.10 |
| 02/02/2026 | CONFER WITH OPPOSING COUNSEL RE SANCTIONS AND OTHER MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.20 |
| 02/02/2026 | DISCUSS OUTCOME OF CONFERRAL WITH A. LIBEU. | 0.10 |
| 02/02/2026 | ANALYZE VIDEO FOOTAGE FROM OFFICE RECEPTION AREA. | 0.80 |
| 02/02/2026 | CONFERENCE WITH CLIENT RE UPCOMING MOTIONS. | 0.40 |

J. Michael Issa, Chapter 11
March 31, 2026
Page 4

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|
| ████████ | ████████████████████████████ ████ | ██ |
| 02/03/2026 | CORRESPONDENCE WITH CLIENT RE VIDEO FOOTAGE. | 0.10 |
| 02/03/2026 | ANALYZE SECURITY VIDEO FOOTAGE RELATING TO DEPOSITION OF DIKLA UNATIN. | 0.50 |
| ████████ | ████████████████████████████ | ██ |
| ████████ | ████████████████████████████ | ██ |
| | ██████████████████ | |
| ████████ | ██████████████████████████████ | ██ |
| | ██████████ | |
| ████████ | ████████████████████████ | ██ |
| 02/05/2026 | CORRESPONDENCE WITH CLIENT RE SECURITY VIDEO FOOTAGE. | 0.10 |
| ████████ | ██████████████████ | ██ |
| ████████ | █████████████████████ | ██ |
| | ████████ | |
| ████████ | ██████████████████████████ | ██ |
| | █████████████████████ | |
| ████████ | ████████████████████████████ | ██ |
| | ██████████████████ | |
| ████████ | ████████████████████████████ | ██ |
| | ██████ | |
| ████████ | ██████████████████ | ██ |
| ████████ | ████████████████████████████ | ██ |
| | ████████ | |
| ████████ | ████████████████████████████ | ██ |
| | ███ | |
| ████████ | ████████████ | ██ |
| ████████ | ████████████ | ██ |
| | █████████████████████ | |
| ████████ | ██████████████████████████ | ██ |
| | ████████ | |
| ████████ | ████████████████████████████ | ██ |
| | █████████████ | |
| ████████ | ████████████████████████████ | ██ |
| | ██████████ | |
| ████████ | ██████████████████████████ | ██ |
| | ████████████ | |
| ████████ | ████████████████████████████ | ██ |
| ████████ | ████████████████████████████ | ██ |
| | ██████████████████████ | |
| ████████ | ████████████████████████████ | ██ |
| ████████ | ██████████████ | |
| ████████ | ████████████████████████████ | ██ |
| | ███████████ | |
| ████████ | ████████████████████ | ██ |



J. Michael Issa, Chapter 11
March 31, 2026
Page 5

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 02/13/2026 | ANALYZE JOINT STIPULATIONS PROVIDED BY OPPOSING COUNSEL. | 0.20 |
| 02/14/2026 | ANALYZE JOINT STIPULATIONS IN SUPPORT OF DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE AND DEVELOP STRATEGY RE SAME. | 0.50 |
| 02/14/2026 | DISCUSS STRATEGY WITH A. LIBEU RE RESPONSE TO DIKLA'S MOTIONS IN DERIVATIVE ADVERSARY CASE. | 0.50 |
| 02/17/2026 | DRAFT TRUSTEE'S PORTIONS OF JOINT STIPULATION RELATING TO DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION. | 3.40 |
| 02/18/2026 | DRAFT TRUSTEE'S PORTIONS OF JOINT STATEMENT RE DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION. | 2.80 |
| 02/19/2026 | DRAFT PORTIONS OF JOINT STIPULATION RE MOTION TO EXCLUDE KFIR FROM DEPOSITIONS. | 2.90 |
| 02/19/2026 | REVISE JOINT STIPULATION RE DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITIONS TO INCORPORATE FEEDBACK FROM A. LIBEU. | 0.60 |
| 02/20/2026 | DRAFT AND REVISE DECLARATIONS SUPPORTING JOINT STIPULATIONS REGARDING DIKLA'S DISCOVERY MOTIONS. | 2.50 |

J. Michael Issa, Chapter 11
March 31, 2026
Page 6

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 02/20/2026 | REVISE AND FINALIZE TRUSTEE'S PORTIONS OF JOINT STIPULATIONS RELATING TO DIKLA'S DISCOVERY MOTIONS. | 1.60 |
| 02/20/2026 | REVISE PORTIONS OF JOINT STIPULATION RELATING TO DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION TO INCORPORATE CLIENT'S FEEDBACK. | 1.10 |
| 02/23/2026 | REVISE LIBEU DECLARATION RE MOTION TO EXCLUDE KFIR FROM DEPOSITIONS. | 0.20 |
| 02/23/2026 | DRAFT AND REVISE DECLARATIONS AND RELATING DOCUMENTS PERTAINING TO DIKLA'S MOTIONS. | 2.00 |
| 02/23/2026 | FINALIZE DECLARATIONS RELATING TO DIKLA'S MOTIONS. | 0.40 |
| 02/23/2026 | CORRESPONDENCE WITH OPPOSING COUNSEL RE LODGED EXHIBITS. | 0.10 |

**Total Hours Worked by Greer, Justin:**

**Libeu, Allison**

J. Michael Issa, Chapter 11                                                    Matter: In re Kfir Gavrieli
March 31, 2026                                                                 Matter No.: 00001
Page 7                                                                         Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**



| Date | Activity | Hours |
|------|----------|-------|
| 02/13/2026 | ANALYZE UNATIN MOTIONS RE: DEPOSITION (.7) | |
| 02/14/2026 | ANALYZE ISSUES FOR RESPONSE TO DIKLA'S DISCOVERY MOTIONS RE DEPOSITIONS (.4); | |
| 02/15/2026 | STRATEGY FOR RESPONSE TO MOTION FOR EXCLUDE KFIR FROM DEPOSITION | 0.20 |
| 02/16/2026 | STRATEGY AND CONFERENCE WITH KFIR RE: RESPONSE TO DIKLA'S MOTIONS ABOUT DEPOSITION | 1.20 |
| 02/17/2026 | ANALYZE ARGUMENTS FOR OPPOSITION TO DIKLA'S MOTIONS TO EXCLUDE KFIR FROM DEPOSITION AND FOR PROTECTIVE ORDER | 0.40 |
| 02/18/2026 | ANALYSIS RE: DIKLA'S MOTION TO EXCLUDE KFIR AT DEPOSITION | 0.10 |
| 02/19/2026 | REVISE OPPOSITION TO DIKLA'S MOTION RE: EXCLUDING KFIR FROM DEPOSITION (2.6); | |

J. Michael Issa, Chapter 11
March 31, 2026
Page 8

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|
| 02/20/2026 | ██████████████████████████████████ ██████████████████████████████████ ███████████████████████; REVISE OPPOSITION TO UNATIN MOTION FOR PROTECTIVE ORDER RE: KFIR'S DEPOSITION ATTENDANCE (1); ███████████████████████ ██████████████████████████████████ ████████████████████████████ | ██ |
| 02/21/2026 | ATTENTION TO OPPOSITION TO MOTION TO EXCLUDE KFIR FROM DEPOSITION | 0.10 |
| ████████ | ██████████████████████████████████ ████████ | ██ |
| 02/23/2026 | ██████████████████████████████████ ██████████████████████████████████ ████████████████████████ DRAFT DECLARATION IN SUPPORT OF OPPOSITION TO DIKLA'S MOTION TO EXCLUDE KFIR FROM DEPOSITION (.3) | ██ |
| 02/24/2026 | FOLLOW UP RE: UNATIN MOTION TO EXCLUDE KFIR FROM DEPOSITION | 0.20 |
| ████████ | ███████████████████████████ | ██ |
| ████████ | ██████████████████████████████ | ██ |
| ████████ | ██████████████████████████████████ ████████████ | ██ |

**Total Hours Worked by Libeu, Allison:** ████

**McPherson, Ian**

| Date | Activity | Hours |
|------|----------|-------|
| ████████ | ██████████████████████████████████ | ██ |
| ████████ | ██████████████████████████████████ ██████████████████████████████████ ██████████████████ | ██ |
| 02/20/2026 | CITE CHECK, PROOFREAD, PULL EXHIBITS RELATED TO JOINT STIPULATION RE DEPOSITION ATTENDANCE. | 2.50 |
| ████████ | ██████████████████████████████████ ██████████████ | ██ |
| ████████ | ██████████████████████████████████ ██████████████ | ██ |
| 02/23/2026 | PREPARE EXHIBITS AND DOCUMENTS FOR FILINGS: NOTICE OF MOTION TO COMPEL CONTINUED DEPOSITION & FOR SANCTIONS; JOINT STIPULATION RE MOTION TO COMPEL; LIBEU DECLARATION; GREER DECLARATION AND ACCOMPANYING EXHIBITS; KFIR GAVRIELI DECLARATION; NOTICE OF LODGING. | 4.50 |
| 02/24/2026 | COORDINATE TRANSMITTAL OF LODGED VIDEO FILES TO COURT RE JOINT STIPULATION FILINGS. | 0.50 |

**Total Hours Worked by McPherson, Ian:** ████

**Total Hours:** ████
**Total Fees:**   $ ████████

J. Michael Issa, Chapter 11
March 31, 2026
Page 9

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20633

# HUESTON HENNIGAN LLP

## Timekeeper Summary



| Name | Billing Rate | Hours | Fee Amount |
|------|--------------|-------|------------|
| Greer, Justin | | | |
| Libeu, Allison | | | |
| McPherson, Ian | | | |
| **Total Billed:** | | | |

## Cost Summary

| Description | | Amount |
|-------------|--|--------|

**TAXPAYER ID**

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

March 31, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20633

## Remittance

Please send your payment to this address:
Hueston Hennigan LLP
PO Box 894265
Los Angeles, CA  90189-4265

Physical address for delivery services:
Hueston Hennigan LLP
c/o First Data Corporation
2525 Corporate Place, Suite 250
Monterey Park, CA  91754-7676

### Wire and EFT Instructions



**Please return this page with your payment**

### Invoice Summary
Through February 28, 2026



# EXHIBIT F

**TAXPAYER ID**    523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

April 17, 2026

J. Michael Issa, Chapter 11                Matter Name: In re Kfir Gavrieli
GlassRatner Advisory & Capital Group LLC    Client/Matter Number: 200314/00001
19800 MacArthur Blvd, Suite 820            Invoice Number: 20781
Irvine, CA  92612

**Invoice Summary**
Through March 31, 2026

| | |
|---|---|
| Current Fees: | $ ▬▬▬ |
| Less ▬ Discount | ▬▬▬ |
| **Total Current Amount Due:** | $ ▬▬ |
| | |
| Outstanding Fees and Costs Due: | ▬▬▬ |
| **Total Current and Outstanding Due:** | $ ▬▬ |

**If paid within 14 days of receipt, an additional ▬ Prompt Pay Discount Applies:**

| | |
|---|---|
| Current Fees: | $ ▬▬ |
| Less ▬ Discount | ▬▬ |
| Less Prompt Pay Discount: | ▬▬ |
| **Total Current Amount Due:** | $ ▬▬ |

*This invoice has been reviewed and is being submitted for payment.*

J. Michael Issa, Chapter 11
April 17, 2026
Page 2

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

## Outstanding Invoices

| Date | Invoice # | Matter | Fees Billed | Costs Billed | Other | Credits | Balance |
|------|-----------|--------|-------------|--------------|-------|---------|---------|
| ██ | ██ | ██ | ██ | ██ | ██ | ██ | ██ |
| | | | | ████████ | | | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ | ██ | ██ |
| | | | | ████████ | | | ██ |
| | | | | | | ██ | ██ |

J. Michael Issa, Chapter 11
April 17, 2026
Page 3

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

**Professional Services**

| Date | Activity | Hours |
|---|---|---|
| ██████████ | ████████████████████████████████ | ██ |
| ██████ | ██████████████████████████████ | |
| | ████████████████████████████ | |
| | ████████████████████ | ██ |
| ██████████ | | |
| ██████ | ███████████████████████████ | ██ |
| ██████ | █████████████████████ | ██ |
| ██████ | ███████████████████ | ██ |
| | █████████████████ | ██ |

**Greer, Justin**

| Date | Activity | Hours |
|---|---|---|
| ██████ | █████████████████████ | ██ |
| ██████ | ████████████████████ | ██ |
| 03/11/2026 | DISCUSS STRATEGY RE UPCOMING HEARING WITH A. LIBEU. | 0.30 |
| ██████ | ████████████████████████████ | ██ |
| | █████████████ | |
| ██████ | ██████████████████████████ | ██ |
| ████ | ██████████ | |
| ██████ | ██████████████████████████ | ██ |
| | █████████ | |
| | █████████ | |
| ████ | ██████████████████████████ | ██ |
| ████ | ████████████████████████████ | ██ |
| ████ | ██████████████████████████ | ██ |
| ████ | ██████████ | |
| ████ | ████████████████████████ | ██ |
| 03/16/2026 | ANALYZE TENTATIVE RULINGS ON DISCOVERY MOTIONS AND DEVELOP STRATEGY RE SAME. | 0.40 |
| 03/16/2026 | DISCUSS COURT'S TENTATIVE RULING WITH A. LIBEU. | 0.10 |
| ██████ | ████████████████████████ | ██ |
| ██████ | █████████████████ | ██ |
| ██████ | ████████████████████ | ██ |
| ██████ | ████████████████████████ | ██ |
| | █████████████ | |
| ████ | ██████████████████████ | ██ |
| ████ | █████████████████████ | ██ |
| ████ | ████████████████████████ | ██ |
| ████ | ███████████████ | ██ |
| ████ | ██████████████████ | ██ |
| | █████████████ | |



J. Michael Issa, Chapter 11
April 17, 2026
Page 4

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

**Professional Services**

| **Date** | **Activity** | **Hours** |
|---|---|---|



J. Michael Issa, Chapter 11
April 17, 2026
Page 5

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP



**Professional Services**

| Date | Activity | Hours |
|------|----------|-------|
| ██████ | ████████████████████████████████████████ | ██ |
| ██████ | ████████████████████████████████████ | ██ |
| ██████ | ████████████████████ | ██ |
| ██████ | ██████████████████████████████████████ | ██ |
| | ████████████ | |
| ██████ | ████████████████████████████ **Total Hours Worked by Greer, Justin:** | ██ |

**Libeu, Allison**

| Date | Activity | Hours |
|------|----------|-------|
| ██████ | ██████████ | ██ |
| ██████ | ███████████████████████████ | ██ |
| ██████ | ██████████████████████████████████ | ██ |
| | ████████ | |
| ██████ | █████████████████████████ | ██ |
| ██████ | ███████████████████████████████ | ██ |
| 03/11/2026 | PREPARE FOR HEARING ON MOTIONS RE: DIKLA'S DEPOSITION | 0.50 |
| ██████ | █████████████████████████ | ██ |
| ██████ | ████████████████████████████ | ██ |
| ██████ | ██████████████████████████████ | ██ |
| | ████████████ | |
| 03/16/2026 | ████████████████████ | ██ |
| | PREPARE FOR ARGUMENT ON MOTION TO EXCLUDE KFIR FROM DEPOSITION (2.2); ████████████████████████████████████ | ██ |
| 03/17/2026 | ████ PREPARE FOR AND HEARING ON MOTION TO EXCLUDE KFIR FROM DEPOSITION (2.6); ██████████████████████████ | ██ |
| | █████████████████████ | |
| ██████ | █████████████████████████████ | ██ |
| ██████ | ██████████████████████ | ██ |
| ██████ | ███████████████ | ██ |
| ██████ | █████████████ | ██ |
| ██████ | ██████████████████ | ██ |
| ██████ | ████████████████████████████████ | ██ |
| ██████ | █████████████████████████████████████ | ██ |
| ██████ | ████████████████████████████████ | ██ |
| ██████ | ███████████ | ██ |
| ██████ | ████████████████████████████ | ██ |
| | █████████ | |
| ██████ | ██████████████████ | ██ |
| ██████ | ████████████ | ██ |
| ██████ | ██████████████ | ██ |
| ██████ | █████████████████████████████████████ | ██ |
| | ██████████████ | |

J. Michael Issa, Chapter 11
April 17, 2026
Page 6

Matter: In re Kfir Gavrieli
Matter No.: 00001
Invoice No: 20781

# HUESTON HENNIGAN LLP

## Professional Services



| Date | Activity | Hours |
|---|---|---|
| ███████ | ██████████████████████████████████ ████████████████████ | ██ |
| | **Total Hours Worked by Libeu, Allison:** | ███ |
| ██████████ | | |
| ███████ | ████████████████████████████ | ██ |
| ███████ | ████████████████████████████ ███████████████ | ██ |
| | **Total Hours:** | ███ |
| | **Total Fees:** | █████████ |

## Timekeeper Summary



| Name | Billing Rate | Hours | Fee Amount |
|---|---|---|---|
| ██████████████ | ██████ | ████ | ██████ |
| | ██████ | ████ | ██████ |
| Greer, Justin | ██████ | ████ | ██████ |
| Libeu, Allison | ██████ | ████ | ██████ |
| ███████████ | █████ | ████ | ██████ |
| **Total Billed:** | | ████ | ████████ |

**TAXPAYER ID**

█████████

523 West 6th Street
Suite 400
Los Angeles, CA 90014
T: 213.788.4340

# HUESTON HENNIGAN LLP

April 17, 2026

J. Michael Issa, Chapter 11
GlassRatner Advisory & Capital Group LLC
19800 MacArthur Blvd, Suite 820
Irvine, CA  92612

Matter Name: In re Kfir Gavrieli
Client/Matter Number: 200314/00001
Invoice Number: 20781

## Remittance

Please send your payment to this address:
   Hueston Hennigan LLP
   PO Box 894265
   Los Angeles, CA  90189-4265

Physical address for delivery services:
   Hueston Hennigan LLP
   c/o First Data Corporation
   2525 Corporate Place, Suite 250
   Monterey Park, CA  91754-7676

## Wire and EFT Instructions



## Please return this page with your payment

## Invoice Summary
Through March 31, 2026

